IN THE

# SUPREME COURT

OF

# OREGON.

Argued 5 October; decided 16 October, 1899.

## MARKS *v.* WILLIS.

[58 Pac. 526.] ·

1. INJUNCTION—ALTERNATIVE JUDGMENT.—Injunction is the proper remedy to restrain the enforcement of an alternative money judgment in an action for the recovery of personalty after a tender of the property.

2. OFFER TO RETURN PROPERTY—SATISFACTION OF JUDGMENT.—An ordinary alternative replevin judgment may be satisfied before levy by returning the property named in the writ, and under such circumstances the defendant cannot be compelled to pay the value.

3. FORM OF REPLEVIN EXECUTION—INJUNCTION.—Where an alternative judgment is rendered in a replevin action, the return of an execution unsatisfied because the officer was unable to obtain the property, does not justify the issuance of an alias execution directing the enforcement of only the alternative money judgment. Such an execution would not follow the judgment on which it must rest, and its enforcement will be restrained where a tender has been made of the property described in the judgment.

From Douglas : J. C. FULLERTON, Judge.

Bill by Asher Marks against William R. Willis and others to restrain the enforcement of an execution. The facts are that on May 8, 1894, the defendant Willis recovered a judgment against the plaintiff in the County Court of Douglas County in an action to recover possession of a certain verified claim against the estate of S. Marks & Company, or, if delivery could not be had, for the sum of $477.50, the value thereof. On the seventeenth of May an execution in regular form was issued

thereon, and on the twenty-fifth of the same month Marks appealed to the circuit court, giving an undertaking for a stay of proceedings, and on the ninth of June the sheriff returned the execution indorsed as follows : ''I am unable to collect the sums in this writ specified, or to get, as directed, the said claim against plaintiff [defendant] in said execution set out, and I hereby return this writ unsatisfied.'' Thereafter such proceedings were had that the judgment was reversed by the circuit court, but on an appeal to this court the judgment of the latter court was reversed : *Willis* v. *Marks*, 29 Or. 493 (45 Pac. 293). On the fifteenth of July, 1896, the mandate of this court was filed in the circuit court, and on the same day a judgment was rendered therein in all things affirming the judgment of the county court. Two days later, Willis caused an alias execution to issue out of the county court, which, after reciting the rendition of the judgment, and return of the first execution, commanded the sheriff to satisfy the sum of $477.50, with interest thereon from the date of the rendition of the judgment in the county court, and the costs and disbursements of the action, out of the personal property of the defendant Marks, or, if sufficient could not be found, then out of his real property. But three days thereafter, and before any levy had been made, Marks tendered to Willis and to the sheriff the verified claim referred to in the judgment and execution, and the costs and disbursements taxed against him. But they refused to accept such tender, and were proceeding and threatening to levy upon the property of Marks to satisfy the sum of $477.50 and the costs and disbursements of the action, when this suit was commenced to enjoin the enforcement of such execution, which resulted in a decree in favor of Marks ; hence this appeal.          AFFIRMED.

For appellant there was a brief over the names of *Wm. R. Willis* and *Andrew M. Crawford*, with an oral argument by *Mr. Willis in pro per.* and *Dexter Rice*.

For respondent there was a brief over the name of *J. W. Hamilton*, with an oral argument by *Messrs. J. C. Fullerton* and *F. W. Benson*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. It is first claimed that the plaintiff's remedy was by a motion in the court issuing the execution to quash or recall it, and not by injunction. The mere improper issuance of an execution is ordinarily no ground for equitable interference, but any irregularity in that regard must be corrected by the court issuing the writ: *Gregory* v. *Ford*, 14 Cal. 138. But, as we understand it, this suit is not based on a mere irregularity in the form of the execution, nor in the manner of its issuance, although questions of that kind are argued in the briefs. It is substantially a suit to enjoin the enforcement of an alternative money judgment in an action for the recovery of personal property after a tender of the property described in the judgment, and an injunction is a proper remedy in such case: *McClellan* v. *Marshall*, 19 Iowa, 561 (87 Am. Dec. 454); 1 High, Inj. § 139; 1 Beach, Inj. § 625.

2. Passing over, therefore, any questions as to the form of the writ or its regularity, and coming directly to the merits of the controversy, we are agreed that the decree of the court below must be affirmed. The judgment upon which the execution was issued is the ordinary judgment in an action of replevin for the return of the property sued for, or, in default thereof, for its value, and the defendant had a right to discharge it by a return of such property within a reasonable time, and he could be compelled to pay its value only in case a de-

livery could not be had : Wells, Repl. § 778 ; 2 Freeman, Ex. § 468 ; *Etchepare* v. *Aguirre*, 91 Cal. 288 (25 Am. St. Rep. 180, 27 Pac. 668); *Meads* v. *Lasar*, 92 Cal. 221 (28 Pac. 935); *Carson* v. *Applegarth*, 6 Nev. 187. When, therefore, Marks tendered and offered to return the property within five days after the litigation had ended, and before any levy had been made under the writ, it operated as a satisfaction of the judgment, and thereafter no proceedings could legally be had for enforcing, by execution, the alternative judgment for money.

3.   Nor is the fact that the first execution was returned unsatisfied because, as the sheriff certifies, he was unable to obtain the property described therein, of any consequence in this connection.   We are not dealing with the effect of proceedings under the first writ.   Its return unsatisfied did not change the form or character of the judgment, nor authorize or justify the issuance of an alias writ in any form other than that prescribed by statute. An execution must follow the judgment, and, under the statute, there is but one form of execution on a judgment in an action of replevin (Hill's Ann. Laws, § 276, subd. 4) ;  and it is satisfied, so far as the subject-matter of the litigation is concerned, by a delivery to the officer of the property described in the writ.   If, under such an execution, the officer is unable to obtain possession of the property described therein, he may proceed under the same execution to enforce the alternative judgment, and his return would probably be conclusive between the parties, and not subject to collateral attack :  *Irvin* v. *Smith*, 66 Wis. 113 (27 N. W. 35, 28 N. W. 351).   But no attempt was made to enforce the first execution, and when it was returned unsatisfied it ceased to perform any office in the case except as the basis of the subsequent issuance of an alias writ.   It follows that the decree of the court below must be affirmed, and it is so ordered.   AFFIRMED.