**LEVE *v.* FRAZIER.**

[70 Pac. 376.]

</div>

REPLEVIN—SATISFACTION OF JUDGMENT BY DELIVERY.

A delivery of the property described in a replevin judgment to the person entitled thereto is a satisfaction of the judgment, and a delivery to one of a firm is a delivery to them all, and entirely satisfies the judgment.

From Multnomah: Arthur L. Frazer, Judge.

This is an appeal from an order quashing a writ of execution issued on a judgment rendered in favor of the plaintiffs J. Leve and J. Adler, partners doing business as Leve & Adler, and against the defendant Frazier, sheriff, in an action to recover possession of a certain miscellaneous lot of junk, divided by the complaint into thirty-six separate lots, and described as "65 tons of cast iron, of the value of $1,235; 4,500 lbs. of brass and copper, of the value of $526.50; 6 tons R. iron, of the value of $87; 800 lbs. old lead, of the value of $30; 200 lbs. zinc, of the value of $7," etc. The answer in the action denied the plaintiffs' ownership and right to the possession of the property, averred that it belonged to one C. Leve, and was seized by the defendant, as sheriff, under a writ of attachment issued in an action brought by one Marks against Leve, but did not put in issue the quantity or value of the property as set out in the complaint. The trial resulted in a verdict "that the plaintiffs are entitled to the possession of the personal property described in the complaint, and, in case the delivery cannot be had, to recover the sum of $2,910.82½, the value thereof." A judgment was subsequently rendered against the defendant in substantially the same language as the verdict, and execution issued thereon, reciting the recovery of a judgment for the immediate possession of the property, describing it as in the complaint, or for its value in case a return could not be had, and commanding the officer to deliver possession of the property so described to the plaintiffs, or, if delivery could not be had, to satisfy the sum of $2,910.82½, the value thereof, out of the property of the defendant. This writ was executed by the coroner, who certified that he was able to find only a portion of the several items of property described in the complaint and the writ, amounting in value to $1,542.82, at the rate per pound or piece estimated from the quantity and value stated in the complaint. Thereafter an alias execution was issued for $1,194.82, the balance due on the judgment after crediting thereon the property obtained on the first writ at the valuation placed thereon by the coroner, and

$240.28 for property sold by the sheriff.    The defendant moved
to quash the alias writ on the grounds: (1) That the defend-
ant had delivered all the property to the plaintiffs that he
received under the writ of attachment; (2) that the verdict of
the jury on which the judgment is based should have separately
valued each separate article; and (3) that the shortage, if any,
in weight or measurement, in any lot separately valued in the
complaint, cannot be ascertained, and therefore the receipt by
the plaintiffs under the first execution of a part of the several
lots is a satisfaction of the judgment and execution.    The mo-
tion was allowed, and the plaintiffs appeal.        AFFIRMED.

For appellants there was a brief and an oral argument by
*Mr. Milton W. Smith.*

For respondent there was a brief over the name of *Pipes &
Tifft,* with an oral argument by *Mr. Martin L. Pipes.*

MR. JUSTICE BEAN, after stating the facts, delivered the
opinion of the court.

The points principally relied on to sustain the judgment of
the court below are: *first,* that as neither the verdict nor the
judgment pretended to value the specific articles received by
the plaintiffs under the first writ, or those not received, it was
not competent for the court or the plaintiffs arbitrarily to fix
such valuations, or to determine what amount should be cred-
ited on the judgment, or the amount due thereon, and the
plaintiffs, having split up their demand by receiving and
accepting parts of these heterogeneous lots, have made it impos-
sible for the court to determine the value of the balance; and,
*second,* that the record shows the judgment to have been satis-
fied.    The view we have taken of the second question renders
unnecessary an examination of the first.    Among other affi-
davits filed on the motion to quash, were those of the deputy
sheriff who attached the property, and J. Leve, one of the
plaintiffs herein.    The former states, among other things, that
he had delivered to the plaintiffs, or to the coroner, all the
property received by the sheriff on the writ of attachment or

involved in the action; and the latter that, after the judgment was obtained against the defendant, he, without the consent of the affiant, and against his protest, "turned over all the property described in the complaint" to his coplaintiff, J. Adler, "as keeper, in trust to sell and turn the proceeds thereof into the hands of the said defendant," and that Adler, "while in possession of said property as aforesaid, disposed of large quantities of the same at less than the market price, and large quantities which affiant believes the said Adler has not accounted for." It thus appears that after the rendition of the judgment the defendant delivered to one of the plaintiffs all of the property described in the complaint, and this necessarily operated as a satisfaction of the judgment. The defendant had a right, under the law, to discharge the judgment by a delivery of the property to the plaintiffs within a reasonable time (Cobbey, Repl., 2 ed., § 1177; *Marks* v. *Willis*, 36 Or. 1, 78 Am. St. Rep. 752, 58 Pac. 526), and he could be compelled to pay its value only in case he failed to exercise such right. The fact that it may have been delivered to one of the plaintiffs as a keeper, in trust to sell, could not change the legal effect of the act of the defendant in delivering the property to its rightful owner. Adler was one of the owners, entitled to the possession of the property, and the delivery to him operated *ipso facto* as a satisfaction of the judgment. The defendant had nothing to do with the alleged hostility of the plaintiffs toward each other. He owed no greater duty to one than the other, and the delivery to either was a delivery to both. As they were coplaintiffs, equally interested in the judgment, and copartners in the property, each was the agent of the other, and the case stands here the same as if Adler, the person to whom the property was delivered, was insisting that the defendant ought to account to him for goods which he himself had already received and disposed of. If the plaintiff Leve has a grievance, it would seem to be against his coplaintiff, and not against the defendant. If Adler has received the property in controversy, and applied it to his own use, the remedy of his coplaintiff is in some proceeding to compel him to account,

and not through an alias execution against the property of the defendant issued on a satisfied judgment. We think the motion to quash was properly allowed, and the judgment of the court below is affirmed.                              AFFIRMED.

Decided 20 October, 1902.