Argued 21 October, decided 16 November, 1903.

## LA VIE *v.* CROSBY.

[74 Pac. 220.]

EXECUTORY CONTRACT OF SALE — PASSING TITLE — REPLEVIN.

1. Where a contract for the sale of chattels required the seller to perform labor in segregating those sold from a larger quantity, the performance of such act was a condition precedent to the vesting of title in the buyer, and hence the contract was insufficient to entitle the latter to maintain replevin for the chattels sold.

REPLEVIN — AT WHAT TIME VALUE IS TO BE ESTIMATED.

2. Under Section 198, B. & C. Comp., providing that when property has been taken from a defendant in replevin, and in his answer defendant demands a return thereof with damages, he is entitled, if he prevails, to have the property restored to him, and damages for its detention, and if the possession cannot be restored he may recover the value of the property and damages for taking and withholding the same, the value of the property should be fixed as of the date of the verdict.

HARMLESS ERROR.

3. Where, in replevin, it was conclusively shown that the highest market value of the articles was at the time of the trial, an erroneous instruction that, if they could not be redelivered to the defendant, and he was entitled to recover, he would be entitled to the highest market price between the time of the taking and the time of the trial, was harmless, the verdict being for the value at its date.

INTEREST AS DAMAGES IN REPLEVIN ACTIONS.

4. Where, in replevin, it was found that defendant was entitled to a redelivery of the property, and the value thereof was assessed as of the date of the trial, defendant was not entitled to recover interest in addition.

ALLOWANCE OF COSTS TO APPELLANT ON AFFIRMANCE — LAW ACTION.

5. Objection having been promptly taken to a ruling of the trial court, in a law action, whereby the opposite party might have consented to a correction of such ruling, and on appeal it appearing that this ruling constituted the only error, and that it caused an excessive judgment in an ascertainable amount, as, the sum allowed as interest, or as damages, the appellant may be allowed his costs, though the judgment is ordered affirmed less the excess.

REVERSAL ON APPEAL — DIRECTING PARTICULAR JUDGMENT.

6. Where a reversible error is one not affecting the general result, but only the particular amount of the judgment, and the corrective information is apparent on the record, the case may be reversed with directions to enter a stated judgment, rather than to hold another trial.

From Marion : GEORGE H. BURNETT, Judge.

This is an action by Geo. A. La Vie against A. B. Crosby
to recover the possession of a quantity of hops, or the sum
of $2,300, the alleged value thereof, and damages for their
detention.   The facts are that defendant entered into a con-
tract with plaintiff, whereby he stipulated to sell and trans-
fer to him 10,000 pounds of "choice" hops at eleven and
one half cents per pound, to be grown in Marion County,
Oregon, in 1902, and to pick, cure, bale, and deliver the
same on or before October 31st of that year, any advances
made by plaintiff on account thereof to be a lien on the
crop.   The defendant received one dollar at the time the
agreement was entered into, and thereafter $100, which
sums, with interest thereon, were tendered to the plaintiff,
but upon his refusal to accept the money it was deposited
in court for him.   The defendant, contending that plaintiff
had not kept his part of the agreement, refused to deliver
the hops, whereupon this action was instituted, and upon
claim of immediate delivery to him the plaintiff secured
possession thereof, and shipped them out of the state, as
is alleged in the answer, to defendant's damage in the sum
of $2,700.   The cause, being at issue, was tried, resulting
in a judgment that defendant was the owner of the hops,
and entitled to their immediate possession, or, if posses-
sion could not be had, to the sum of $2,600, the value
thereof, and also to the sum of $50 as damages for the
wrongful taking and detention, and plaintiff appeals.

CONDITIONALLY AFFIRMED.

For appellant there was a brief over the names of *Peter
H. D'Arcy, Carson & Adams,* and *John M. Gearin,* with an
oral argument by *Mr. D'Arcy* and *Mr. Loring K. Adams.*

For respondent there was a brief over the names of
*H. Overton, L. J. Adams,* and *Geo. G. Bingham,* with an
oral argument by *Mr. Bingham* and *Mr. Overton.*

MR. CHIEF JUSTICE MOORE, after stating the facts as above, delivered the opinion of the court.

1. The contract sued on being executory, and similar to the agreement set out in the case of *Backhaus* v. *Buells*, 43 Or. 558 (73 Pac. 342), this action cannot be maintained.

2. The defendant, in his answer, having demanded a return of the hops, or the value thereof, and damages for their detention, the only question involved is the measure of compensation to which he is entitled. All the testimony given at the trial having been incorporated in the bill of exceptions, it appears therefrom that the value of the hops of the quality in question at Woodburn, Oregon, when seized at that place by the plaintiff, to wit, October 23, 1902, was from twenty to twenty-three cents per pound, and on February 17, 1903, when the action was tried, the value thereof was estimated by the witnesses to have been from twenty-four to twenty-six cents per pound. The court, referring to such testimony, charged the jury as follows:

" You will therefore assess the value of the whole lot of hops in question, as described in the complaint, remembering the limit, the minimum price being $2,300 and the maximum price being $2,700, and you will be entitled to find the value at any time between the time of taking the hops on the 23d day of October and the present time. The defendant would be entitled to recover on the question of value the highest market price between the time of the taking and the present time. The measure of his damages would be the interest on the value of the hops from the time of taking at the rate of six per cent per annum until the present time."

The plaintiff's counsel, having excepted to that part of the charge, contend that the court erred in giving it. The statute prescribing the form of judgments to be rendered in actions of this kind is as follows: "In an action to recover the possession of personal property, judgment for

the plaintiff may be for the possession, or the value thereof
in case a delivery cannot be had, and damages for the de-
tention thereof.  If the property have been delivered to the
plaintiff, and the defendant claim a return thereof, judg-
ment for the defendant may be for a return of the prop-
erty, or the value thereof in case a return cannot be had,
and damages for taking and withholding the same ": B. & C.
Comp. § 198.  In the absence of fraud or malice the damage
recoverable in an action of replevin is limited to compen-
sation for the loss sustained in consequence of the wrong-
ful taking or unlawful detention of the property: 24 Am.
& Eng. Ency. Law (2 ed.), 512; Shinn, Replevin, § 644;
Weeks, Replevin, § 530.  When property has been taken
from the defendant in such an action in pursuance of the
statute, and in answer he demands a return thereof and
damages, if he prevails he is entitled to have it restored to
him and damages for its detention; but, if the possession
cannot be had, he is entitled to recover the value thereof
and damages for taking and withholding the same, and
also such special damages as he may allege and be able to
prove at the trial: B. & C. Comp. § 198; Cobby, Replevin
(2 ed.), § 856; *Sherman* v. *Clark*, 24 Minn. 37.

The compensation which the prevailing party is entitled
to recover when he cannot secure the possession of per-
sonal property of which he has been deprived is well set-
tled, but at what time the value thereof should be deter-
mined by the jury, the decisions of the courts are not in
accord.  Mr. Shinn, in his work on Replevin (section 626),
in discussing this question, says: " Upon a casual exami-
nation of the decisions and of different statutes regarding
the time which shall be considered by the jury as that at
which the value shall govern, the cases seem to divide
themselves into two distinct classes; but upon a more
minute examination it is found that the distinction be-
tween the classes is more apparent than real.  The courts

intend that the damages shall be compensatory, and, although certain states hold that the value in replevin shall be assessed as at the time the cause of action accrued or when the action was begun, and others that it is the value of the goods at the time the verdict is rendered, yet they all require the assessment of damages for detention, and take into consideration as a measure thereof the depreciation in the value during such time, and all likewise consider the appreciation because of increase in value occasioned by labor or otherwise." The statute prescribing the form of verdict in such cases is as follows: "In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property": B. & C. Comp. § 153. The statute just quoted being silent in respect to the time when the value of the property taken from the prevailing party is to be assessed when a return thereof cannot be had, it is susceptible to such construction as will make it the duty of the jury to determine such value either when the property was taken or at the time of the trial, as may best seem to promote substantial justice.

"The primary purpose of replevin," says Mr. Justice Agnew, in *Herdic* v. *Young*, 55 Pa. St. 176 (93 Am. Dec. 739), "is to recover the property in specie, not its value." A text-writer, in distinguishing between the compensation to be awarded to the injured party in certain cases, says: "The essential distinction between trover and replevin as regards the rule of damages, aside from the element of

willfulness in the taking or detention, is briefly this : In trover the title to the property is regarded as having passed to the defendant, who is therefore liable for its value, simply, with interest. In replevin the title is treated as still in the plaintiff, who is therefore to recover not only the chattel itself, or its value, but also damages for its detention, of which interest may be the measure, but is not in all cases the necessary limit": Sedgwick, Damages (8 ed.), § 528. Notwithstanding it is alleged in the answer that plaintiff had shipped the hops in question out of the state, if they are in existence in the same condition as when taken, a return thereof before a levy of the writ of execution has been made would satisfy the alternative part of the judgment: *Marks* v. *Willis*, 36 Or. 1 (58 Pac. 526, 78 Am. St. Rep. 752); *Leve* v. *Frazier*, 42 Or. 141 (70 Pac. 376). The title to personal property, the right to the possession of which is in litigation, being treated, notwithstanding its seizure, as in the prevailing party in the action for its recovery, it would seem upon principle that under a statute like ours the jury should determine its value as of the date of their verdict. If assessed at that time, and the value of the property be greater than when it was taken or detained, the prevailing party would secure the advantage of the appreciation ; but, if the value were less, damages could be awarded him for the depreciation. This method will probably result in every instance in determining the value of the property at the time it was taken or detained, together with the appreciation, if any, at the time the verdict was rendered, thereby excluding intermediate values of unstable commodities the prices of which fluctuate.

The value of property being assessed at the time the verdict was rendered would necessarily exclude the allowance of interest as damages, except possibly for the retention of money in specie, but damages for the use of property that could be employed might be awarded : *Coffin* v. *Taylor*, 16

Or. 375 (18 Pac. 638). If a prudent person has a commodity for sale, he must know the market value thereof, and usually studies the question of supply and demand in respect thereto, to anticipate, if possible, what the future price may be; and if, after such consideration, he concludes that the value must appreciate to such an extent as to justify his holding the property until his expectations are realized, his hope would be dissipated, and he doomed to disappointment, if his adversary could, under the forms of law, secure the possession of the property, and ship it out of the state, and, when called upon for damages, tender the value of the property at the time he seized it, and interest, in disregard of its possible increase in value, such a rule would be to permit him to take advantage of his own wrong. We think reason supports the rule that the value of the hops should have been assessed by the jury as of the time when the verdict was rendered.

3. As the uncontradicted testimony conclusively shows that the highest market value was at that time, no injury could have resulted to the plaintiff from the giving of the erroneous instruction in respect to the time when the value was to have been determined.

4. We think, however, from what has been said, that an error was committed in charging the jury that the defendant was entitled to interest from the time of the taking of the hops. Where the rule prevails that the value of the property shall be assessed as of the time it was taken or detained, interest is usually allowable as a measure of damages; but where the value is fixed at a subsequent time it is improper to allow interest on the value from the taking, for this would be awarding double damages: Cobbey, Replevin, § 878.

5. The defendant's counsel at the trial in this court offered to remit the sum of $50, the damages found by the jury, but, not having done so in the lower court, and the

exception having particularly challenged that part of the instruction which related to the interest, the plaintiff will be entitled to his costs in this court.

6. The judgment will therefore be affirmed, except as to the damages remitted, and the cause remanded, with directions to enter an alternative judgment for the sum of $2,600, with interest from February 17, 1903.

CONDITIONALLY AFFIRMED.