Argued at Pendleton May 8, reversed and remanded July 17, 1923.

## McINTOSH LIVESTOCK CO. *v.* BUFFINGTON ET AL.

(217 Pac. 635.)

**Pleading—Denial on Information and Belief Insufficient When Facts Presumptively Within Pleader's Knowledge.**

1. When facts are presumptively within the knowledge of the party pleading, a denial by him on information and belief as to such facts is insufficient.

**Pleading—Where Pleading Contains Admissions and Contradictory Denials, Admissions Given Effect.**

2. Where pleader makes two utterly inconsistent and contradictory statements, one being a direct and unqualified admission of a fact, and the other amounting to a denial thereof, the admission will be given effect.

**Pleading—Denial on Information and Belief as to Ownership of Sheep Held Proper, not Relating to Matter Presumptively in Defendant's Knowledge.**

3. In replevin for 548 sheep where the answer alleged that defendant was owner and entitled to possession of 349 sheep and fleeces taken from defendant by the sheriff and demanded return thereof, or the value, the number of sheep claimed not being the same and the alleged markings on plaintiff's sheep being of so many different kinds that similar earmarks might have rightfully been

in use by defendant, ownership was not a matter presumptively within defendant's knowledge, and a denial on information and belief was sufficient.

**Pleading—"Negative Pregnant" Insufficient as Denial.**

4. A "negative pregnant" is a form of negative expression that implies or carries with it an affirmative, and, being an admission of the allegations intended to deny, it is insufficient to raise an issue.

**Appeal and Error—Appeals Confined to Error Apparent on Record or on Exception Taken at Trial.**

5. In view of Constitution, Article VII, Section 2b, the appellate powers of the Supreme Court are confined to determination of questions arising on error apparent on the face of the record, or on exception taken at trial to a decision of the Circuit Court on a matter of law which is material and affects substantial rights.

**Appeal and Error—Supreme Court Passes Only on Questions It Became Circuit Court's Duty to Decide.**

6. Except where a complaint fails to state a cause of action or where the Circuit Court had no jurisdiction, the Supreme Court will not pass on a question which was not presented to and did not become the duty of the Circuit Court to decide.

**Appeal and Error—No Error Considered on Appeal Where No Ground Therefor was Laid in Court Below.**

7. Where it was first urged on appeal that answer on information and belief in replevin action was a matter peculiarly within knowledge of defendant and therefore insufficient, but where the attention of the trial court was not called thereto and it had no opportunity to pass thereon, the alleged error is not before the Supreme Court for decision.

**Replevin—Instruction That Party Holding Sheep Could Satisfy Judgment Either by Returning Sheep or Paying Value Thereof Held Error.**

8. In replevin for 548 sheep, where defendant alleged that after commencement of action the sheriff took 349 sheep and fleeces from him and delivered them to plaintiff and demanded return thereof, in view of Sections 153, 198, 215, subdivision 4, Or. L., which provide that only in a case where delivery cannot be had that satisfaction may be had out of other property belonging to the party against whom judgment is rendered, it was error to instruct to the effect that plaintiff at its election could satisfy a judgment rendered against it by either returning the sheep or paying the value thereof.

**Replevin—Verdict Held Compromise Without Support in Evidence as to Value of Sheep and Reached Through Misdirection of Court.**

9. In replevin of sheep where alleged value thereof in complaint was $7 per head and there was no evidence that they were worth less than that amount, a verdict on an arbitrary valuation of $6 per head reached, through misdirection in a charge to the effect that the jury could place a value on the sheep less than that admitted

by the pleadings, and thereupon plaintiff could have option whether to return the sheep or pay value thereof, was an arbitrary and unauthorized compromise.

From Malheur: Dalton Biggs, Judge.

In Banc.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. R. W. Swagler, Mr. W. H. Brooke* and *Mr. Eugene Brassie*, with oral arguments by *Mr. Swagler* and *Mr. Brooke*.

For respondents there was a brief over the names of *Mr. P. J. Gallagher, Mr. Jas. S. Bogart* and *Mr. J. W. McCulloch*, with an oral argument by *Mr. Gallagher*.

RAND, J.—This action was brought to recover possession of a mixed band of ewes and wethers consisting of 548 head, together with the fleeces sheared therefrom.

The complaint alleged plaintiff's ownership and right to the immediate possession of the sheep and fleeces and that the same had been wrongfully taken from plaintiff's possession and detained by the defendant in Malheur County, Oregon. After the commencement of the action the sheriff took 349 head of sheep and a like number of fleeces from the possession of the defendant and delivered the same to the plaintiff. The answer alleged that the defendant was the owner and entitled to the immediate possession of the 349 head of sheep and fleeces taken from defendant's possession by the sheriff and demanded judgment for the return of the property or for the value thereof in case a return could not be

had.   The defendant had verdict and judgment and plaintiff appealed.

Plaintiff contends (1) that because the defendant denied, on information and belief, plaintiff's ownership and right to the immediate possession of the sheep mentioned and described in the complaint, which was a matter peculiarly within the knowledge of the defendant, the denials were insufficient and amounted to an admission of plaintiff's ownership and right to the immediate possession of the sheep, and (2) that because the denials contained in the answer consist largely of literal denials or denials in the language of the complaint, they are mere negative pregnants and therefore amount to an admission of the allegations of the complaint.   From this it is argued that the denials of the answer, being insufficient to present an issue upon plaintiff's ownership and right to the immediate possession of the property mentioned in the complaint, defendant's affirmative allegations of ownership and right to the possession of the sheep and fleeces described in the answer is of no avail, and that the answer therefore was not sufficient to entitle the defendant to a return of the property or to sustain the verdict or to warrant a judgment in defendant's favor.

1, 2.   Where the facts are presumptively within the knowledge of the party pleading, a denial by such party on information and belief as to such facts is insufficient, and such defective denial may be stricken out on motion: *Mill's Estate,* 40 Or. 424, 433 (67 Pac. 107). And where a party in his pleading makes two utterly inconsistent and contradictory statements, one being a direct and unqualified admission of a fact and the other amounting to a denial of the same fact, the admission will be given effect and the denial will be

disregarded: *Maxwell* v. *Bolles,* 28 Or. 1 (41 Pac. 661); *Veasey* v. *Humphreys,* 27 Or. 515, 520 (41 Pac. 8).

3. But so far as it appears from the pleadings, the plaintiff could have been the owner and entitled to the immediate possession of the particular 548 head of sheep and fleeces mentioned and described in the complaint and at the same time the defendant could have been the owner and entitled to the immediate possession of the 349 head of sheep and fleeces mentioned and described in his answer. The number of the sheep claimed was not the same and the alleged earmarks upon plaintiff's sheep were of so many different kinds that earmarks similar to one or more of them might have been rightfully in use by the defendant. Hence, the plaintiff, in its complaint, and the defendant, in his answer, may have been referring to two entirely different bands of sheep. If so, plaintiff's ownership and right to the possession of the sheep mentioned in the complaint was not presumptively within the knowledge of the defendant. By the verdict, the jury found that the plaintiff was not the owner nor entitled to the possession of the particular sheep taken from defendant's possession, and from this it follows that defendant's denial on information and belief as to plaintiff's ownership and right to the possession of the sheep mentioned in the complaint was in respect to a matter not presumptively within the knowledge of the defendant and concerning which he had a right to deny on information and belief.

4. A negative pregnant is a form of negative expression that implies or carries with it an affirmative: Bouvier's Law Dictionary. It is a denial in the words of the allegation which it seeks to deny and its

fault lies in the ambiguity it creates, as where a party charged in a pleading with unlawfully taking a thing, denies that he unlawfully took it, thereby admitting that he did take it, but denying that he took it unlawfully. It is therefore insufficient as a denial to raise an issue. Such denials "are virtual admissions of the truth of the allegations they were intended to deny": *Moser* v. *Jenkins,* 5 Or. 447, 449; *McCormick Machine Co.* v. *Hovey,* 36 Or. 259 (59 Pac. 189); *Whitney Co.* v. *Smith,* 63 Or. 187, 193 (126 Pac. 1000). As such denials amount to admissions, the answer, so far as it contained negative pregnants, was defective and was subject to any proper motion or objection that the plaintiff might desire to make.

5–7. The jurisdiction of this court is confined to a revision of the final decisions of the Circuit Courts, and except as enlarged by Section 2–b of the Organic Act conferring original jurisdiction upon it in *mandamus, quo warranto* and *habeas corpus* proceedings, it is not a court of original jurisdiction. Hence, upon appeal from a judgment in an action at law this court, in the exercise of its appellate powers, is confined to the determination of questions which arise either upon an error apparent upon the face of the record or upon an exception taken at the trial to a decision of the Circuit Court, upon a matter of law which is material and affects the substantial rights of the parties. Except where the complaint fails to state facts sufficient to constitute a cause of action or where the court has no jurisdiction of the defendant or of the subject matter of the action, to which objection may be raised for the first time upon appeal, this court will not pass upon a question which was not presented to and did not become the duty of the Circuit Court to decide. Applying this prin-

ciple to the instant case, the record discloses that no demurrer or motion to strike or to make more definite and certain or for judgment on the pleadings or for nonsuit or for a directed verdict or in arrest of judgment upon said or any ground was made or filed, nor was the attention of the trial court called to any of these matters. Hence, that court neither passed upon nor had an opportunity to pass upon any of these questions, and the matters urged are therefore not before us for decision.

8. After the jury had retired to deliberate upon their verdict, they were sent for and in answer to questions severally asked them by the court each stated, in effect, that it was not possible for them to agree upon a verdict. Thereupon the court said:

"Well, I accept this conclusion very reluctantly. This is a case that has got to be decided. Some jury, some time, at an additional expense to the county, has got to decide this case. Now, with that in mind, I am not going to ask anybody to relinquish a conscientious conviction nor to vote contrary to a conscientious judgment; but I am going to ask you just to go back once more, and I will not hold you indefinitely; there is no disposition to hold you beyond the time that you cannot agree; but with that idea in mind, that somebody else may have to decide this case on just the same evidence that you have, if it is possible for you to reach a conclusion conscientiously I wish you would do it. * * I don't want to do it as a matter of punishment, it is not that; but if we can conscientiously reach a verdict let's do it."

Whereupon the following ensued:

"Juror Doolittle: Is it possible to bring in any kind of a compromise decision, or must it be on the exact form of verdict we have in our hands?

"The Court: You mean as to numbers of stock?

"Juror Doolittle: Well, yes, possibly.

"The Court: As to values? I can't see how it could be otherwise as to the questions of numbers and values.

"Juror Doolittle: Now in the verdict for the defendant it states there; it is not quite clear to me in the verdict, in case we set a price on these sheep, whether it was optional, would it be optional with McIntosh Sheep Company to return the sheep or the price of the sheep; is that optional?

"The Court: That is optional.

"Mr. Doolittle: Then there would be a slight chance for compromise there would there not? That is, in the price of the sheep.

"The Court: Well, I wouldn't suggest particularly a compromise, but I would think the collective judgment of the jury here as to the value of the sheep would be permissible. There is nothing that I can recall in this evidence that would not permit you to reach a judgment as to the value of the sheep.

"Juror Doolittle: And that would be optional whether to return the sheep or the price, as we set forth in the verdict?

"The Court: Yes, that is a matter of law, Mr. Doolittle.

"Mr. Doolittle: That is one thing I wanted to be clear on.

"The Court: As a matter of law they can either return the sheep or pay the value, and that value is fixed by you in your verdict. I will let you retire, gentlemen, once more and make one final effort to agree and when you think again that you cannot, knock."

In an action for the recovery of specific personal property, if the property has been taken from the defendant, and by his answer he claims a return thereof, and the jury find that the defendant is entitled to a return thereof, Section 153, Or. L., requires that the jury shall assess the value of the property. If the property has been delivered to the plaintiff and the defendant claims a return thereof and pre-

vails in the action, Section 198, Or. L., provides, in effect, that the defendant shall have judgment for a return of the property or for the value thereof in case a return cannot be had. Subdivision 4 of Section 215, Or. L., in effect provides that if the execution be for the delivery of the possession of personal property, it shall require the sheriff to deliver the possession of the same, particularly describing it, to the party entitled thereto, and if a delivery thereof cannot be had, then it requires the sheriff to satisfy the value of the property for which the judgment was recovered out of other property belonging to the party against whom the judgment was recovered. But it is only in a case where a delivery cannot be had that the sheriff is authorized to satisfy the value of the property specified in the replevin execution out of other property belonging to the party against whom the judgment was rendered.

These statutory provisions are merely declaratory of the law prevailing generally in replevin actions. The action itself is for the recovery of the possession of specific personal property and not for the value of the property as in trover. If the property recovered has been lost or destroyed or if it is impossible for any reason to obtain a return of the property, then the judgment will be satisfied by a money payment of the value of the property recovered, but it is only in such a case that the prevailing party on the one hand can enforce satisfaction of the judgment by a recovery of the value, or the losing party on the other hand is entitled to have the judgment satisfied upon payment of such value: *Marks* v. *Willis,* 36 Or. 1 (58 Pac. 526, 78 Am. St. Rep. 752); *Kimball* v. *Redfield,* 33 Or. 292 (54 Pac. 216); *Leve* v. *Frazier,*

42 Or. 141 (70 Pac. 376); *La Vie* v. *Crosby,* 43 Or. 612 (74 Pac. 220); Wells, Replevin, § 484.

The plaintiff could not defeat a return of the property by payment of the money value of the sheep if a return could be had. Hence it was error for the court to instruct the jury to the effect that the plaintiff, at its election, could satisfy a judgment rendered against it by either returning the sheep or paying the value thereof.

9. Shortly after receiving these instructions the jury returned a verdict in favor of the defendant, assessing the value of the sheep at $6 per head. In its complaint the plaintiff alleged that the value of the sheep described was $7 per head for 500 head thereof and $6 per head for the remaining 48 head, while the answer alleged that the value of the sheep referred to therein was approximately $11 per head. No witness had testified that the sheep taken from defendant's possession were worth less than $7 per head, and, under the state of the pleadings, a finding that the sheep were of any less value than $6 per head could not be sustained. Hence, the finding that the value of the sheep was only $6 per head when, under the evidence and the pleadings, they were worth not less than $7 per head, was an arbitrary and unauthorized compromise, the effect of which was to defeat the rights of the parties to the action.

As long as the sheep were to be assessed at their true value the jury were unable to agree upon any verdict, but when an arbitrary valuation of $6 per head was placed thereon, nine members agreed upon the verdict, to which it is evident they would not have agreed if the sheep had been assessed at their true value. Hence it is apparent that the verdict was reached solely through the misdirection of the

court in charging the jury to the effect that, in disregard of the evidence and of the pleadings, they could place a value upon the sheep less than that admitted by the pleadings, and that thereupon the plaintiff would have the option whether to return the sheep or to pay the value as fixed by their verdict.

We have examined all of the other assignments of error and find them to be without merit, but because of the error above referred to the judgment will be reversed and the cause remanded for such further proceedings as are not inconsistent herewith.

REVERSED AND REMANDED.