Butler *v.* Mehrling.

Loren G. Butler, Appellant, *v.* Henry R. Mehrling, Appellee.

APPEAL FROM JO-DAVIES.

In replevin where there is judgment of *retorno* for costs, and an inquiry of damages for the detention, a jury may be called to assess the damages, or the court may assess.

In such case the value of the use of. the property during detention, is the true measure of damages, and not the value of the property alone. Speculative or expected profits from the use of the property, or smart money, should not be given.

Testimony compounded of fact and opinion, in valuing the use of property by those acquainted with the kind and its uses, is proper for consideration in estimating damages in replevin.

This cause was tried at November term, 1853, of the Jo-Davies Circuit Court, Sheldon, Judge, presiding.

E. W. Tracy, for plaintiff in error.

M. Y. Johnson, for defendant in error.

Scates, J. Defendant replevied certain horses and other property of plaintiff, which had been trained and used for circus purposes. Plaintiff re-replevied the same on the 17th of August, and at November term of Jo-Davies circuit court following, dismissed his action of replevin. Judgment of *retorno* for costs, and an inquiry of damages for the detention. At the instance of the defendant, a jury were called to assess these damages, to which the plaintiff objected; and this raises the first question which we notice.

There was no error in this. The constitution secures the right of trial by juries, but this court says' in Campbell *v.* Head, 13 Ill. R. 127, that it has no application to a case like this; and the legislature may empower the court to assess. On the other hand we do not so read or understand the act, R. S. 45, p. 434, § 6, as obliging, but authorizing the court to assess. They may well call a jury to do so, as was done in this case.

The next question we notice is, as to the law as sought to be laid down by the plaintiff in the several instructions refused.

The court instructed that the value of the use of the property during detention, is the true measure of damages, and not the value of the property alone. That speculative or expected

Butler *v.* Mehrling.

profits from its use, is not the proper criterion or measure of damages, but a reasonable compensation for its use or rent ; and no particular injury is admissible, no smart money, or vindictive damages, can be given.

These propositions lay down a correct rule in relation to the measure of damages under our statute inquiry.   Green *v.* Mann, 11 Ill. R. 616.

The next question is presented by objections to the testimony as it was introduced, and again repeated in the character of the instructions asked and refused by the court.   Certain witnesses who had, some but slight, and some no knowledge of this property, were called to fix the amount of damages; and who testified to the value of such property for circus exhibitions at different seasons of the year.   These witnesses had more or less experience with circuses, and the profits of their exhibitions, and based their opinions on such knowledge of this kind of property and this use of it, in other States and countries, with a limited experience of it in this State.   All this kind of testimony was objected to as incompetent, but admitted by the court.

On this point the court instructed the jury, that opinions based entirely upon supposed profits of a circus, are not proper evidence of the value of its use, and should be disregarded ; and that speculative profits do not give the true criterion of damages ; but in fixing the value of its use, the witness is not confined to the value for use alone in Jo-Davies county, but anywhere possessor may choose ; but if witness's estimate of its value is based alone upon the belief that people attend circuses better at a particular season, it is inadmissible.

The instructions refused were numerous, but need not be set out at large, as we think the substance will fully present the principles they asked to be laid down as law on this inquiry. They are,

That valuations based solely upon a belief that witness could make the amount in a good season :

That the value of its use in New York, Pennsylvania, Ohio, Louisiana, or the West Indies, or another State, is not the criterion of damages, but in Jo-Davies county, Illinois :

That the opinion of a witness, unacquainted with the value of its use in Illinois, but only in other States and cities, and of its value for any other than circus purposes, ought to be disregarded :

That like opinion of value by a non-resident witness unacquainted, or of short experience, in the use of such property in Illinois, and unacquainted with the leasing, renting, hiring, or

chartering of such property for such uses, is not proper evidence and ought to be disregarded :

That opinions, based upon what was made by defendant exhibiting at Chicago, with this property; or from helping to train and take care of it in Chicago, are not admissible and should be disregarded.

Other instructions required the defendant to prove a detention on this writ of inquiry ; that the property had not been returned ; and declaring that the judgment of *retorno* had not taken effect ; and that defendant must prove a return of all or a part of the property.

None of these propositions lay down the law correctly upon the question before the court.

This inquiry is given by statute, immediately upon dismissal of the replevin suit, and embraces the damages suffered to the amount of the value of the use of the property *for the time it* had been detained. The default and the dismissal conclude all inquiry, whether it has or has not been detained; of ownership, and a right to have it returned. Neither is the actual return any further in question than that plaintiff might show it in mitigation, by shortening the period of its actual detention.

The error in the propositions in relation to the opinions of witnesses is in this, that they are incompetent on account of the means of information upon which they are based. This is predicated upon the idea that they are offered as experts, and the means stated by them, will not justify the court in so classing them, as was answered by the court in Lincoln and wife *v.* Inhabitants of Barre, 5 Cush. R. 590, in relation to one called to prove the manner of constructing a highway, who had only had experience as a surveyor, and not as a builder of them.

So in Hager *v.* Edmonds, the court exclude the witness when offered as an expert to prove a common estimate, equally within any man's competency, who is acquainted with the necessary facts. 4 Barb. S. C. R. 257. So ruled in Robertson *v.* Stark, 15 N. H. R. 112.

It is true, probably, that mere opinions, as opinions, when offered in evidence, should be confined to experts in the questions of skill or science as such, which are open to that kind of proof, and for want of better. But there are many cases in which exceptions admit opinions as competent, and leave the weight due them to the jury, according to the means of information and intelligence of the witness. So it is said in McKee *v.* Nelson, 4 Cow. R. 356, and approved in Steamboat Clipper *v.* Linus Logan, 18 Ohio, R. 396, as a case where testimony from necessity embraces a compound of fact and opinion.

Butler *v.* Mehrling.

And such is the case usually in relation to the value of property and its use, that is, of common kinds at least. This valuation was of the use of the property. In valuing the property itself, but little weight would be given to one who knew nothing of the property. But in valuing its use, those acquainted with the kind and use of such property, may be allowed to testify as to the value of the use of such property, and such opinions may be weighed, together with similar opinions of those who know the property itself. Greater weight would be due and given to those whose superior intelligence and means of knowledge must ever outweigh the less in human transactions. Still, however, little weight might be given to an opinion upon very limited means of information, yet it could hardly be excluded for incompetency. The same ground of objection would exclude, probably, nearly all the testimony in this case, as few have an actual knowledge of the property, nor of its use alone, before or since the replevin. Its value is matter of opinion, of estimate, and it must be admitted as matter of necessity, else the value cannot be proven, the law having no other standard to fix the value, as a fact, than opinions of witnesses.

This is not one of those cases where experts can give opinion as testimony, but it is rather one of the exceptions to the general rule, that facts alone, and not opinions, shall be admissible. Nor is it a sufficient ground to exclude it altogether, that the means of information are not equal in all. One founds his opinion of its value upon a belief that he can make so much by its use; another upon the ground that so much has been made by the use of the same kind of property; and another by having a knowledge of what has been made by the use of this identical property. Each may state the value, which is but matter of opinion, but no one could hesitate, whose opinion deserved the most weight. Those witnesses who testified to a knowledge of the property, its use, and the profits of that use, before and after the replevin, show means of information that should have outweighed mere speculative opinions. And this leads to the last point. It is alleged that the damages are excessive. So it appears to the whole court. There are few cases in which we feel called upon to interfere on this ground. The general rule and its illustrations are so indefinite and difficult of application, that little aid can be drawn from precedents; and so the court say in Clark *v.* Morris, 14 Ill. R.

In Cable et al. *v.* Dakin et al. 20 Wend. R. 172; and Marquissee *v.* Ormston, 15 Wend. R. 368, heavy damages were given, the first in replevin, the last on a distress for rent, and the courts refused to relieve.

There were, in those cases, circumstances of aggravation, and those circumstances were viewed as authorizing the finding of heavy damages, in the nature of smart money..

What might.be allowable in an action on the replevin bond, we are not called upon to settle. But under this statute, we think the intention was to pay a fair value for the use of the property during detention. Here the use of property for about four months, worth fifteen to eighteen hundred dollars, is assessed at $2,200. We think the estimate altogether excessive, as the value of its use.

Judgment reversed, and cause remanded.

*Judgment reversed.*