[Filed June 7, 1888.]

## J. W. COFFIN, Respondent, v. O. D. TAYLOR, Appellant.

16   375
18   114
18*  638
22*  647

16   375
43   571
43   618

Instructions — Bill of Exceptions — Assignments of Error. — No assignment of error can be made or will be considered, unless the error appear from the bill of exceptions, or some other part of the judgment roll.

Chattel Mortgage — Future Advances. — A chattel mortgage may be made to secure future advances, but if no advances be made under such mortgage, it cannot be enforced by the mortgagee.

Same. — As between the parties to such mortgage, if no advances be made, it never becomes a lien on the property described therein for any sum because there was nothing due, and an attempted sale of the property by the mortgagee, and purchase thereof by him, does not divert the title of the mortgagor.

Replevin — Damages. — In an action of replevin, if the plaintiff prevails, he is entitled to recover damages for the wrongful taking and detention of the property from the time when taken to the rendition of the judgment.

REPLEVIN — MEASURE OF DAMAGES. — The jury may consider the nature and character of the property in controversy, and if the plaintiff prevails in the action, award him such damages as the use of the property was worth during the time of the detention.

INSTRUCTIONS — PRESUMPTION. — When the record is silent as to what instructions the court gave the jury, the legal intendment is that they were properly instructed. He who alleges error must make it affirmatively appear from the record.

APPEAL from Wasco County.

*Gates & Bradshaw,* and *George Watkins,* for Respondent.

*W. L. Hill,* and *E. B. Dufur,* for Appellant.

STRAHAN, J. — This is an action of replevin to recover the possession of a span of horses and a set of double harness of the alleged value of two hundred and seventy dollars, and two hundred and fifty dollars for the wrongful taking and detention thereof. The answer denies the material allegations of the complaint, and then alleges, in substance, by way of further and separate defense, that on April 9, 1885, the plaintiff gave the defendant a chattel mortgage on the property in controversy to secure the payment of two hundred dollars four months thereafter, and that said plaintiff neglected to pay the same; that after such default the defendant caused said mortgage to be foreclosed in Washington Territory, where said property was, and where said chattel mortgage was filed, and that upon such foreclosure and sale the defendant purchased the same for one hundred and fifty dollars. The defendant Dufur only acted as attorney for Taylor in conducting said sale, and it is not now claimed that he is in any manner liable therefor.

The reply, after denying the new matter in the answer, alleges in effect that the defendant promised to advance for the plaintiff the sum of two hundred dollars to one L. Newman, and that the note and mortgage mentioned in the answer were executed solely to secure the defendant said sum of two hundred dollars so agreed to be advanced on account of the plaintiff, and that the defendant failed to make said advance for the plaintiff, and that said mortgage and the note described therein were without

consideration. Upon the trial the jury returned a special verdict as follows:—

"We, the jury in the above-entitled action, find specially as follows: *First*, that the note which the chattel mortgage was given to secure was given to the defendant, O. D. Taylor, in consideration that said O. D. Taylor would pay to L. Newman the sum of two hundred dollars on account of Coffin at Newman's; *second*, that the notice of foreclosure proceedings was served on the plaintiff on or prior to the sixteenth day of August, 1886, at Skamania County, Washington Territory; *third*, that the black horse is of the value of ninety-five dollars; *fourth*, that the bay horse is of the value of eighty-five dollars; *fifth*, that the set of harness is of the value of twenty dollars; *sixth*, that the value of the use of the property involved in this case has been two hundred dollars since the same was taken from the possession of the plaintiff.

"A. B. Wooley, Foreman."

The jury also returned a general verdict in favor of the plaintiff as follows:—

"We, the jury in the above-entitled action, find for the plaintiff and against the defendant, O. D. Taylor, and assess the damages at two hundred dollars. We further find that the plaintiff is the owner and entitled to the possession of all the property mentioned in the complaint; that the black horse is of the value of ninety-five dollars; that the bay horse is of the value of eighty-five dollars; and that the set of harness is of the value of twenty dollars.

"A. B. Wooley, Foreman."

The defendant moved for judgment in his favor on the facts found by the special verdict, and notwithstanding the general verdict, which motion was overruled by the court, and judgment rendered for the plaintiff for the recovery of the property in controversy, or two hundred dollars, the value thereof, in case delivery could not be had, and for two hundred dollars damages for the unlawful taking and detention thereof, from which judgment this appeal is taken.

1. Neither the instructions given or refused by the court upon the trial appear in the bill of exceptions. The assignments of error in the notice of appeal, so far as they relate to such instructions, must therefore be disregarded. Nor is it necessary to specially consider the rulings of the court in the admission of evidence, for the reason that the evidence offered by the plaintiff and objected to by the defendant related entirely to the new matter pleaded in the reply, in avoidance of the new matter contained in the answer. This evidence related to an issue in the case made by the pleadings, and if the issue was material, the evidence was so. The real point in this controversy is therefore presented by the pleadings, verdict, and judgment, and that is, whether or not it is competent for the plaintiff to allege and prove upon this trial, that the mortgage under which the defendant claims the property in controversy never became effectual or operated as between the parties to it by reason of the defendant's failure to make the advance, which it is alleged in the answer he agreed to make as the consideration for said mortgage.

The plaintiff maintains that as between himself and the defendant, the writing under and through which the defendant claims to have acquired the property in controversy was without vitality, and conferred no rights whatever upon the defendant until he had performed the essential act on his part, which was the making of the advance to Newman for the plaintiff. A reference to the authorities is necessary to determine whether or not this position be correct. Jones on Chattel Mortgages, section 96, says that such a mortgage may be in the form of a security for the payment of a sum certain, leaving the true nature of the transaction to be shown by parol proof. The extent of the security is thus limited to the amount specified in the condition and of which the registry gives notice. But if no advances be made under such a mortgage, it cannot of course be enforced by the mortgagee; nor can it be enforced by his assignee, unless it was given to secure negotiable paper, and was assigned before maturity, without knowledge on the part of the assignee of pre-existing equities. Then to be secured by a mortgage is the principal thing; the mortgage is a mere incident.

Without the debt the mortgage cannot exist as between the parties to the transaction. If the debt be paid the mortgage would be extinguished, or if the facts do not exist to give the debt validity, or if enough were not done by the parties to create it, or if it were conditional and the condition had not been performed, then in either event, there being no debt, there could be no mortgage. These principles are fully illustrated and supported by *Ladue* v. *Detroit & Milwaukee R. R. Co.* 13 Mich. 380. In that case the court said: "The instrument can only take effect as a mortgage or encumbrance from the time when some debt or liability shall be created, or some binding contract is made, which is to be secured by it. Until this takes place, neither the land nor the parties, nor third parties, are bound by it. It constitutes of itself no binding contract. Either party may disregard or repudiate it at his pleasure. It is a part of an arrangement never contemplated as probable, and which can only be rendered effectual by the future consent and further acts of the parties." So it was held in *Ter. Hoven* v. *Kerns*, 2 Pa. St. 96, that a judgment or mortgage made to secure future advances will be good against a subsequent encumbrancer, only for such advances as are actually made before notice of the subsequent encumbrance; that as to all advances made after notices of such subsequent encumbrance, such mortgage or judgment will have no priority; but they are made subject to the junior lien. And the same principle was applied in the *Bank of Montgomery County's Appeal*, 36 Pa. St. 170; *Parmentier* v. *Gillespie*, 9 Pa. St. 86; *Robinson* v. *Williams*, 22 N. Y. 380; *Bissell* v. *Kellogg*, 60 Barb. 617; *Bank of Utica* v. *Finch*, 3 Barb. Ch. 293; 49 Am. Dec. 175. The general verdict for the plaintiff covers the issue made in the pleadings as to the advance to be made to Newman, which was the consideration for the mortgage, and conclusively settles it against the defendant. It thus appears from the record that the mortgage under which the defendant claimed the property in controversy never became a lien on such property for any sum, because there was no sum due, and that the attempted sale of the property by virtue of such mortgage did not transfer or divest the plaintiff's title.

2. Upon the argument here the defendant's counsel insisted that in this action no damages were recoverable for the wrongful taking and detention of the property, except such as had accrued up to the commencement of the action. No authority was cited sustaining this proposition, and it is not the law. It is true the case is tried and determined upon the rights of the parties as they existed when the suit was begun, but damages may be and usually are assessed up to the time of the rendition of the judgment. (Wells on Replevin, § 525.)

3. The bill of exceptions recites that the plaintiff introduced evidence tending to show that the value of the use of said property, at the time of the alleged taking thereof by the defendant, and thereafter, was from one dollar and fifty cents to two dollars and fifty cents per day.

This evidence was introduced without objection. No exceptions appear to have been taken to the admission of evidence or to instructions given by the court as to the measure of damages. The only way possible, then, for the question to come before us is on the special verdict. By that finding, and the motion made thereon, the question is not presented in a very satisfactory form for review, but there is probably enough to enable us to indicate our view of the law on that subject. And the general rule seems to be, in this class of actions, that the plaintiff may recover such damages for the detention of the property as the jury from all the evidence may be satisfied that the use of the property, considering its nature and character, was worth during the time of the detention. (3 Sutherland on Damages, 539; *Odell* v. *Hole,* 25 Ill. 204; *Morgan* v. *Reynolds,* 1 Mont. 163; *Allen* v. *Fox,* 51 N. Y. 562; 10 Am. Rep. 641; *Scott* v. *Elliott,* 63 N. C. 215; *Clapp* v. *Walters,* 2 Tex. 130; *Butler* v. *Merhling,* 15 Ill. 488; *Zitske* v. *Goldberg,* 38 Wis. 216.) Other authorities might be cited, but it is unnecessary. These fully sustain the proposition that the value of the use of the property wrongfully taken and withheld is recoverable as damages in an action of replevin, and that such damages may be estimated down to the day of trial. Counsel for appellant have cited *Twinam* v. *Swart,* 4 Lans. 263, in opposition to the views here expressed; but much of what is

there said was *dicta*.   But this case was disapproved on principle in *Allen* v. *Fox, supra,* and cannot be regarded as an authority to sustain the doctrine contended for.   Within admitted principles of law the jury had the right to find the amount of damages specified in their verdict.   It was a question of fact for their determination under proper instructions from the court.   It does not appear from the records what instructions the court gave the jury.   In such case it cannot be assumed that the court instructed erroneously.   On the contrary, the legal intendment is that proper instructions were given.   To hold otherwise would be to presume error, which is never done.   He who alleges error must make it appear affirmatively from the record.

It follows from the views expressed that the judgment appealed from must be affirmed.