## Marvin H. Bordner, Appellee, v. James B. Depler, Appellant.

1. EVIDENCE—*when opinion of witness competent as to question of value.* The question being as to the value of corporate stock, a witness who has been an officer of the company, is familiar with its affairs and who states that he has an opinion as to such value, *held,* competent to give the same.

2. EVIDENCE—*must be confined to issues.* Evidence is incompetent which does not tend to prove any issue involved in the case.

3. AMENDMENTS AND JEOFAILS—*when denial of motion to amend not ground for reversal.* It is within the discretion of the court to grant or deny leave to amend a plea during the trial of a cause. The denial of such motion is not ground for reversal in the absence of a showing as to why such application was not sooner made.

Assumpsit. Appeal from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed April 21, 1908.

HARRY M. WAGGONER and MARVIN T. ROBISON, for appellant.

LUCIEN GRAY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In the spring of the year 1904, the Lewistown Oil & Gas Company, a corporation, was organized for the purpose of prospecting for oil and gas, in the vicinity of Lewistown, Illinois. All of the available money of the corporation was expended in drilling a well upon land belonging to appellant, James B. Depler, with the result that instead of producing a flow of oil or gas, as was anticipated, the well produced an abundant flow of water, which was claimed to have some medicinal properties. Thereafter in May or June, 1905, at a meeting of the stockholders of said corporation held for the purpose of discussing and determining the advisability of raising money for the purpose of liquidating some indebtedness of the corporation, and to meet the expense of cleaning up the grounds, capping and well, and advertising the premises as a pleasure and health resort, in anticipation of the organization of a corporation to utilize the water and to conduct a sanitarium and resort on said premises, appellee subscribed and paid for

the purposes stated the sum of $10 in consideration, as is alleged and as the evidence tends to show, of the promise then expressly made by appellant, that the latter would give to each person so subscribing the sum of $10 one share of the capital stock of the par value of $100 in a corporation thereafter to be organized for the purpose named. In pursuance of the plan then contemplated, the Depler Mineral Springs Company was organized and incorporated in October, 1905, with an authorized capital stock of $100,000, divided into 100 shares of the par value of $100 each.

It is not necessary to an understanding of the issues involved in this case to set forth in detail the provisions of the preliminary agreement between the stockholders of the Lewistown Oil & Gas Company for the organization of the Depler Mineral Springs Company, or to charter provisons of said company, or the terms of the lease executed by appellant to said company of the premises on which the well was located. It is sufficient to say that a certain number of shares of the capital stock of the Depler Mineral Springs Company were issued to appellant in consideration for the lease by him of said premises, and for certain purposes, including the delivery by him to each of the several subscribers to the fund raised at the meeting of the stockholders of the Lewistown Oil & Gas Company in May or June, 1905, heretofore mentioned, the shares of the capital stock of the Depler Mineral Springs Company, to which they were entitled.

Appellant having refused to deliver to appellee one share of the capital stock of the Depler Mineral Springs Company, appellee brought this suit in assumpsit against appellant to recover the value of said share of stock, and upon a trial in the Circuit Court of Fulton county recovered a verdict and judgment against appellant for $16, and this appeal followed.

It is urged that the court improperly permitted the witness J. G. Quisenberry to state his opinion as to the value of the share of stock in question. The witness

had been the secretary of the corporation until July 10, 1906, and was familiar with the business of the corporation at that time. He testified that he had an opinion as to the value of the stock immediately prior to December 5, 1906, the time in question, and that in his opinion the stock was then worth from $15 to $20 per share. While the opinion of the witness was not conclusive as to the value of the share of stock in question it was competent to be considered by the jury in determining such value, and the court did not err in overruling appellant's objection to the evidence. Butler v. Mehrling, 15 Ill. 488; O. & M. Ry. Co. v. Long, 52 Ill. App. 670.

It is next urged that the court improperly admitted in evidence the lease of the premises by appellant to the Depler Mineral Springs Company, and that the court improperly permitted the witness Quisenberry to testify to an alleged statement by appellant that the $10,000 of the capital stock of the corporation mentioned in the lease to be issued to appellant was to cover in part the $6,300 invested by the stockholders of the Lewistown Oil & Gas Company in boring the well on the premises. The lease was competent evidence as tending to show that appellant had received certain shares of the capital stock of the Depler Mineral Springs Company and the alleged statement by appellant to the witness Quisenberry was competent as tending to show the purpose for which appellant held such stock.

The liability of appellant here sought to be enforced does not arise out of any agreement or provision in the lease, and the parol statement alleged to have been made by appellant does not contradict or vary any of its terms or provisions.

On his direct examination appellant testified that he did not consider the shares of stock in the corporation as being worth anything. Upon his cross-examination appellant admitted that he had purchased five shares

of Lake W. Sanborn for $312.50, and five shares from
W. M. Simpson, and one share from H. N. Murphy, at
the same price. It is urged that evidence of the pur-
chase of stock by appellant from Sanborn and others
and the price paid therefor was immaterial and incom-
petent. The evidence was adduced upon the cross-
examination of appellant not as substantive proof of
the value of the stock but as tending to contradict the
statement of appellant on direct examination that the
stock had no value. The record does not sustain ap-
pellant's contention that he was not permitted to state
the reasons which induced him to purchase the shares
of stock referred to, and to pay the price which he tes-
tified he paid therefor. This matter was fully devel-
oped on his re-direct examination.

The court properly sustained appellee's objection to
the question propounded to the witness Brown as to
what, if anything, was said at a meeting of the stock-
holders of the Lewistown Oil & Gas Company relative
to the cancellation of a certain lease. Appellee does
not appear to have been present at the meeting re-
ferred to and no record of any action in that regard by
the stockholders at such meeting was offered in evi-
dence.

As tending to show a failure of consideration, appel-
lant offered in evidence a lease of the land upon which
the well was located, executed by himself to the Lewis-
town Oil & Gas Company, and which he claimed had
never been cancelled or surrendered by the lessee. If
appellant made the promise to appellee alleged in the
declaration the fact that the lease referred to was not
cancelled or surrendered could not operate to release
appellant from performance. The cancellation or sur-
render of the lease was not made a condition pre-
cedent to the performance by appellant of his promise,
and appellee had no power or authority to cancel or
surrender it. The lease was properly excluded as evi-
dence.

The alleged mistake in the articles of incorporation

of the Depler Mineral Springs Company was wholly
foreign to any issue involved in the case, and proof
tending to show such mistake and the purported cor-
rection thereof by unofficial action of the parties was
properly rejected.

During the course of the trial and some time after
appellee had rested his case, counsel for appellant
moved the court for leave to amend his plea so as to
admit proof of failure of consideration. The motion
was denied and the action of the court in this regard
is assigned as error. Assuming that the motion made
in behalf of appellant contemplated leave to file an
additional special plea setting up failure of considera-
tion, no showing was made by appellant why such plea
was not sooner filed, and in the absence of such show-
ing, such motion having been made during the progress
of the trial, it rested within the sound judicial discre-
tion of the court to determine whether or not leave to
file such additional plea should be granted. And the
exercise of such discretion will not be reviewed unless
manifestly abused. City of Chicago v. Cook, 204 Ill.
373; Byerly v. Wilson, 123 Ill. App. 662.

We are of opinion that the trial court exercised its
discretion properly in this instance. The instructions
taken as a series state the law applicable to the case
with substantial accuracy. The first instruction of-
fered by appellant and refused by the court stated
a mere abstract proposition of law which if given to
the jury would have tended to mislead them, and the
instruction was, therefore, properly refused. By ap-
pellant's third refused instruction the existence and
terms of the contract relied upon by appellee were
made to depend upon the undisclosed understanding
or intention of appellant, and not upon what was in
fact said and done between the parties thereto.

The verdict of the jury is amply supported by the
evidence, and the record being free from error preju-
dicial to appellant the judgment is affirmed.

*Affirmed.*