Submitted on briefs, December 21, 1909, decided February 23, 1910.

## ALBRIGHT v. BROWNE.

[107 Pac. 458.]

REPLEVIN—DEMAND—TITLE AND RIGHT OF POSSESSION OF PLAINTIFF.

1. Where a contract for the sale of a mine provided that, before final payment, the buyer should keep constantly employed on the premises not less than four men, and, on failure to do so, all its rights under the contract should be forfeited, including all tools, machinery, and equipment of every kind on the premises, and the purchaser in anticipation of a forfeiture removed the tools .from the property, plaintiffs' subsequent seizure thereof without the purchaser's consent did not confer on them any legal title authorizing them to sue in replevin without demand, though they might have a valid claim thereto under the sale contract.

REPLEVIN—DEMAND—TITLE AND RIGHT OF POSSESSION OF PLAINTIFF.

2. A contract for the sale of a mine provided that, in case of forfeiture, the seller should be entitled to all tools and machinery used on the premises. In anticipation of forfeiture, the buyer removed the tools and subsequently sold them to B., who stored them in a cabin belonging to another. The sellers, obtaining title to the cabin or securing authority from the owner, placed a lock on the door thereof. B. removed the goods from the cabin. *Held,* that such acts did not give the sellers lawful possession of the goods, so that they could maintain replevin against B. without demand.

REPLEVIN—NECESSITY OF DEMAND.

3. Plaintiffs, claiming certain mining tools under a contract for the sale of a mine, could not maintain replevin therefor against one having obtained lawful possession of the tools from the buyer of the mine without a demand having been made for their surrender.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by E. M. Albright, Carl Wintjen and Ed. Burke against Martin Browne to recover the possession of personal property, or its alleged value, in case control thereof cannot be secured.

The complaint is in the usual form, except that it does not aver any demand was made for the delivery of the specified goods.

The answer denies each allegation of the complaint, and avers that the defendant is the owner of the property so described and entitled to the immediate possession thereof.

The reply puts in issue the allegations of new matter in the answer, and at the trial, the plaintiffs having

introduced their evidence and rested, a judgment of non-suit was given, from which they appeal.          AFFIRMED.

For appellants there was a brief over the names of *Mr. Robert G. Smith* and *Mr. Asa C. Hough.*

For respondent there was a brief over the name of *Mr. H. D. Norton.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It appears from the bill of exceptions that the plaintiffs were the owners of eight quartz mining claims in Josephine County, which they stipulated in writing to sell and convey to Charles H. Aldrich, who paid down $3,000, gave $13,500 April 1, 1906, and was to have made the final payment of $13,500 July 1st of the latter year, upon receipt of which the plaintiffs were to deliver to him a deed to the premises. The contract provided that time should be of the essence thereof; that Aldrich should take immediate possession of the mining claims, and until final payment therefor would, in good faith, develop the premises, constantly employing for that purpose not less than four men; and that, upon his failure or the omission of any person or corporation claiming under him, to comply with any condition of the agreement, all rights thereunder should be forfeited, including all tools, machinery, and equipment of every kind. Aldrich negotiated the purchase of the property for the Calumet & Oregon Mining Company, a corporation, which ceased developing the mines, and its officers, evidently anticipating a default in the final payment, caused the property in question to be removed from the premises June 7, 1906, and on behalf of their principal executed to the defendant herein a bill of sale for the goods. Albright, one of the plaintiffs, having visited the mining claims about June 10, 1906, and finding that less than the required number of men were employed thereat, declared a forfeiture of all right to the premises and

claimed the personal property involved herein as the tools, machinery, and equipment specified in the contract. These goods had been left at the house of Peter Bour by the corporation, and, without its consent or that of the defendant, the plaintiffs returned the most valuable part of the tools, etc., to the mines.  The defendant caused the remainder of the goods to be moved from Bour's house, and stored in a cabin owned by a Mr. Hunt. Thereafter the plaintiffs, obtaining Hunt's title to the building or securing some authority from him, placed a lock on the door.  The defendant, breaking or removing such fastening, took the goods from the cabin to the house of a McGuire, where the possession of such property was regained by the plaintiffs, pursuant to a writ issued for that purpose.  It was stipulated at the trial in the lower court that the value of the entire personal property in question was $387.50.  The plaintiff Albright testified that he was informed by the defendant that the corporation was indebted to him in the sum of $40, to discharge which he accepted a bill of sale of the goods, but, when notified that an action would be instituted to recover possession of the property, Browne returned the bill of sale to the Calumet & Oregon Mining Company and received from it the money due him.

It is argued by plaintiffs' counsel that, as the defendant took possession of the personal property, no demand therefor was necessary, and, such being the case, an error was committed in granting the nonsuit.  The complaint avers that about July 29, 1906, the defendant wrongfully entered upon the plaintiffs' premises, where the tools, etc., were then kept by them, and unlawfully took possession thereof and removed such property. From such averment it will be seen that the gravamen of the action is the alleged unlawful taking, and, if the evidence sustains the statement so relied upon, the judgment rendered is erroneous.  *Surles* v. *Sweeney,* 11 Or. 21

(4 Pac. 469) ; *Hexter* v. *Schneider,* 14 Or. 184 (12 Pac. 668) ; *Moorhouse* v. *Donaca,* 14 Or. 430 (13 Pac. 112). The testimony does not distinctly show where the alleged seizure by the defendant occurred, but we assume the taking was from Hunt's cabin. Browne originally secured possession of the property by permission of the Calumet & Oregon Mining Company, the then owner, and hence his right to the goods was not initiated by any tortuous act or maintained by fraud. So far as disclosed by the evidence herein, the plaintiffs never obtained possession of any of the property by consent of either the corporation or the defendant, but took a part of the goods from Bour's house and returned them to the mining claims. Such appropriation did not give them any legal title to the property, though they may have had a valid claim thereto under the terms of the agreement and the breach thereof.

2. The placing of a lock on Hunt's cabin, where Browne had stored some of the property, did not give the plaintiffs lawful possession of such goods, assuming as we must that, notwithstanding he had returned the bill of sale, he asserted some title to the property either for himself or the corporation. "Where a person," says a text-writer, "takes forcible possession of his own goods, he may be liable in certain cases as a trespasser, but not in replevin. Having the right of possession at the time of the seizure, his trespass does not debar him from the right of possession, nor vest the other party with the right to retake the goods." Wells Rep. (2 ed.) § 51.

3. Upon a breach of the conditions of the agreement to sell the mining claims, if the corporation had refused voluntarily to surrender to the plaintiffs the goods, they might immediately have instituted an action to secure possession thereof, but to entitle them to a recovery an averment and proof of a demand for a delivery of the property herein would have been prerequisite. The plain-

tiffs did not secure such consent, and as Browne obtained lawful possession of the tools, etc., it was essential to aver and prove a demand made upon him for the goods, but, having failed to do so, the nonsuit was proper, and the judgment is affirmed.                    AFFIRMED.