Argued October 30, 1970, reversed as to Paulson, affirmed as to
B. B. Distributing Co. February 10, 1971

WAKEMAN, *Respondent,* v. PAULSON ET AL,
*Appellants.*
480 P2d 434

*Robert N. Gygi,* Portland, argued the cause for appellants. With him on the briefs were Gygi, Engel, Keller and Habbernigg, Portland.

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE and HOWELL, Justices.

DENECKE, J.

The plaintiff brought an action for the amount of sales commission allegedly owing him. In a trial before the court alone he obtained a judgment against the defendant Paulson individually and the defendant corporation, B. B. Distributing Co. Although both of these defendants appeal, the principal question is whether the trial court was correct in disregarding the corporate entity and finding Paulson individually liable.

The trial court found that Paulson in his capacity as president of the corporation hired plaintiff as sales

manager and his compensation was to include 10 per cent of the net sales. Plaintiff does not admit that Paulson entered into this employment contract only in his corporate capacity; however, the evidence supports this finding.

The trial court made the conclusion of law that the corporate entity was to be disregarded and Paulson was to be held individually.[①] We hold the trial court erred in so concluding.

The trial court concluded, and plaintiff here contends, that Paulson's ownership of 264/267s of the corporate stock at the time plaintiff was hired is a compelling reason why the corporate entity should be disregarded. When plaintiff made his claim the uncontradicted evidence is that Paulson owned 58 per cent of the outstanding shares. We have held that ownership of substantially all the stock of a corporation is, of itself, not an adequate basis for disregarding the corporate entity. *Miller Lumber Corp. v. Miller,* 225 Or 427, 431-436, 357 P2d 503, 100 ALR2d 376 (1961) (all stock except qualifying shares held by one man).

We have stated that "when corporate entity is used to accomplish fraud or injustice, the courts will disregard it." *Epton v. Moskee Investment Co.,* 180 Or 86, 93, 174 P2d 418 (1946).

Examples of when the corporate entity will be or has been disregarded are found in our decisions.

> "* * * It is well established that where corporate affairs are confused with those of the stockholders, a subsidiary or an affiliate corporation the corporate veil may be lifted to protect persons

---

① Paulson contends this issue was not raised by the complaint. In view of our holding we do not decide this issue.

whose rights have been jeopardized by the corporate device. * * *." *Abbott v. Bob's U-Drive*, 222 Or 147, 161-162, 352 P2d 598, 81 ALR2d 793 (1960).

*McIver v. Norman*, 187 Or 516, 537-538, 205 P2d 137, 213 P2d 144, 13 ALR2d 749 (1949), was a suit for dissolution of a joint venture and an accounting. McIver and Norman entered into a venture to build a house on a lot owned by Norman. The house was to be built by McIver's corporation. McIver and Norman were to share the profits after payment of costs and a fee to McIver's corporation. We held:

> "In view of the fiduciary relation between the parties, it would be an obvious fraud upon Norman, if, as he asserts, erroneous or fabricated charges were made against the  joint adventure by Equitable, to permit McIver to escape responsibility for such delicts by shielding himself behind the corporate form. On the other hand, since Norman insists upon this view of the matter where it is to his interest to do so, it would be grossly inequitable, in considering Norman's contention that McIver had failed in his obligations to the joint adventure and that he was justified for that, among other reasons, in excluding McIver from participation in its profits, to say that credit for the corporation's contribution to the enterprise is to be withheld from McIver. We shall, therefore, in our discussion of the case, treat McIver and Equitable as one and the same person." 187 Or at 538.

In *Bennett v. Minott*, 28 Or 339, 39 P 997, 44 P 288 (1896), we stated:

> "In other words, the effect of the allegations is that Minott was the corporation and the corporation was Minott, and that it was organized and used by him as a means of hindering and delaying his creditors. Under such circumstances a court of equity will look through and beyond the legal forms in which the transaction was clothed, and, if its real

object and purpose was to hinder and delay creditors, will declare the sale and transfer void as to them, and no rule of law which regards a corporation as an artificial person, separate and independent of its shareholders, can stand in the way of such a result. * * *." 28 Or at 347.

The facts of this case do not fall into any of the classifications in which the above decisions might be categorized.

■■ Plaintiff's primary argument is that Paulson manipulated the corporation by misrepresentations as to sales so that he would profit by a public stock sale and a subsequent sale of assets to another corporation. Such a charge, if proved, and we do not intimate it was or was not proved, is not dispositive. The wrongful use of the corporation which causes the corporate entity to be disregarded must be conduct affecting the right of the party attempting to disregard the corporation and hold the individual.

■ The trial court was of the opinion that the primary reason the corporate entity should be disregarded was that a judgment against the corporation was uncollectible and it was unjust to deprive plaintiff of his compensation because Paulson had caused the corporation to dissolve and distribute its assets. Plaintiff was aware before dissolution that the corporation intended to dissolve and distribute its assets. Assuming, but not deciding, that the hardship caused by an uncollectible corporate judgment is a valid reason for disregarding the corporate entity, we disagree with the trial court's conclusion because its premise is in error. Claims against a dissolved corporation survive. ORS 57.630(1). More important, a creditor of a corporation can satisfy his claim against the corporation out of the assets distributed to stockholders upon dis-

solution. Lattin, Corporations, 565 (1959); 16A Fletcher, Private Corporations (perm ed), 286, § 8127, n 27; Ballantine, Corporations, 732-733 (1946). The assets of this corporation which were distributed upon dissolution had substantial value.

■ Plaintiff claims that Paulson was the entire corporate management and this is evidence supporting a conclusion disregarding the corporate entity. There were other officers and directors. Even if Paulson in effect was the entire management, this is not sufficiently strong evidence to disregard the corporate entity. See Fuller, *The Incorporated Individual: A Study of the One-Man Company*, 51 Harv L Rev 1373, 1379 (1938).

Reversed as to defendant Paulson; affirmed as to defendant B. B. Distributing Co.