Argued January 10, affirmed February 23, 1973

WAKEMAN, *Appellant, v.* PAULSON, *Defendant,*
PEAKE, *Respondent.*

506 P2d 683

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for appellant.

*Theodore S. Bloom,* Portland, argued the cause and filed a brief for respondent.

McALLISTER, J.

The plaintiff brought this action to recover judgment against the directors of a corporation for a debt owing to plaintiff by the corporation. Plaintiff appeals from an adverse judgment. We affirm.

There is little dispute about the facts, most of which are documented. The plaintiff Wakeman was hired in September 1967 as sales manager for Beer Boy Corporation, an Oregon corporation.[1] In May 1968 his services were terminated and in August 1968 Wakeman sued Beer Boy and its president John K. Paulson for commissions allegedly due him by Beer Boy. On August 5, 1969, Wakeman recovered judgment against both Beer Boy and Paulson for $8,007. That judgment was appealed to this court and affirmed as to Beer Boy, but reversed as to Paulson. See *Wakeman v. Paulson,* 257 Or 542, 480 P2d 434 (1971).

On May 5, 1971, Wakeman brought this action against the three directors of Beer Boy asking the court to require them to pay his judgment against Beer Boy. The defendants John K. Paulson and

---

[1] The name of this corporation was changed to B. B. Distributing Co., but since this change of name is not material to any issue in this case we will continue to refer to the corporation as Beer Boy.

Leslie Peake were two of the three directors of Beer Boy. The other director, McNamara, was never served and is not involved in this case. The defendant Paulson, prior to the trial of this case, paid Wakeman $4,400 for which he received a covenant not to execute against him on any judgment entered in this case. The case thereafter proceeded to trial by the court without a jury against the defendant Peake.

In our view the dispositive issue is whether this is an action at law. If so, the findings of the trial court in favor of the defendant are fully supported by the evidence, are binding on us, and the judgment must be affirmed.

In his original complaint plaintiff alleges "his cause of action" and prays only for a money judgment against the defendants. He does allege that Beer Boy was dissolved on or about May 14, 1969, and that defendants received in excess of one million dollars in personal property as their share of the assets distributed upon dissolution of the corporation and concludes by alleging that "the Supreme Court of Oregon having ruled that plaintiff is entitled to pursue his judgment against said assets, it is reasonable and equitable that defendants pay to plaintiff the sum of $8,007", plus interest and costs.[2]

---

[2] This allegation apparently refers to the portion of our prior opinion holding that the trial court was not justified in disregarding the corporate entity and entering a personal judgment against Paulson on the ground that a judgment against a dissolved corporation was uncollectible. We said:

"* * * Claims against a dissolved corporation survive. ORS 57.630 (1). More important, a creditor of a corporation can satisfy his claim against the corporation out of the assets distributed to stockholders upon dissolution. Lattin, Corporations, 565 (1959); 16 A Fletcher, Private Corporations (perm ed), 286, § 8127, n 27; Ballantine, Corporations, 732-733 (1946). * * *" 257 Or at 546-547.

In his amended complaint plaintiff alleged that defendants were shareholders of Beer Boy, that there were approximately 400 other shareholders, whose identity was unknown, that Beer Boy was dissolved on May 14, 1969, that defendants received in excess of one million dollars "in personal property as their share of the assets distributed upon dissolution of said corporation" and that "it is reasonable and equitable that defendants pay to plaintiff" the amount of his judgment against Beer Boy.

On motion of the defendants an order was entered requiring plaintiff to join all shareholders of Beer Boy as parties defendant. In addition, the defendant Peake filed a motion to strike substantial portions of plaintiff's amended complaint. Instead of complying with the order that he join the shareholders of Beer Boy as parties defendant, and without waiting for a ruling on the motion to strike filed by the defendant Peake, plaintiff filed a second amended complaint consisting of three paragraphs reading as follows:

"I.

"At all relevant times defendants were directors of B. B. Distributing Co., a dissolved corporation, said corporation being only dissolved on or about May 14, 1969.

"II.

"That at the time of dissolution of said corporation on May 14, 1969, there was pending in the Circuit Court of Multnomah County, State of Oregon, case No. 341-260, entitled EDWARD M. WAKEMAN v. B. B. DISTRIBUTING CORPORATION et al, and on or about August 6, 1969, plaintiff obtained a judgment against said corporation in the sum of $8,007, plus costs of $170.90.

## "III.

"That defendants failed to make adequate provisions for the payment of said claim, said claim has never been paid despite due demand by plaintiff, and there is due and owing to plaintiff the sum of $8,007, plus interest at 6% from August 6, 1969, plus the further sum of $170.90 costs, plus costs and disbursements incurred herein.

"WHEREFORE plaintiff prays for judgment against defendants for the sum of $8,177.90 plus interest at 6% on $8,007 from August 6, 1969, plus plaintiff's costs and disbursements."

The defendant Leslie Peake filed an answer to the second amended complaint containing five affirmative defenses and the plaintiff filed in response to that answer a reply consisting only of a general denial. The case went to trial on the second amended complaint, the answer of the defendant Peake and the plaintiff's reply. As we have said, the trial court found for defendant.

If the complaint alleges a cause of action it is based solely on the facts that Beer Boy was dissolved on May 14, 1969, that Wakeman's action against Beer Boy was then pending, and that defendants "failed to make adequate provisions" for the payment of said claim and, therefore, owe plaintiff the amount of his judgment against Beer Boy. The prayer asks only for a money judgment against defendants with no request for equitable relief of any kind.

■ In his brief in this court plaintiff quotes from and relies solely on ORS 57.231 (c), which reads as follows:

"The directors of a corporation who vote for or assent to any distribution of assets of a corporation to its shareholders during the liquidation of the

corporation without the payment and discharge of, or making adequate provision for, all known debts, obligations and liabilities of the corporation shall be jointly and severally liable to the corporation for the value of such assets which are distributed, to the extent that such debts, obligations and liabilities of the corporation are not thereafter paid and discharged."

It is immediately apparent that the above statute makes the directors liable to the corporation, but gives the corporate creditors no cause of action against the directors. We assume that in a proper proceeding the liability of the directors to the corporation could be enforced for the benefit of the creditors, but we think this is not such a proceeding. Plaintiff shuns the aid of equity and sues on a purported direct liability owing by the directors to the creditors arising in some manner out of ORS 57.231 (c).[9]

Assuming that independently of the statute a director owes a duty to make adequate provision of the payment of all liabilities of the corporation at least to the extent of the amount of the assets received by the director, the existence of such a common law duty

---

[9] In his brief on appeal, plaintiff attempts to characterize the proceeding as a "suit in equity in the nature of a creditor's bill." Defendant contends the case is an action at law, and attempts to assign error to a trial court ruling that the case was a suit in equity. We find no such ruling in the record, although we note that the trial court did denominate its final order a "decree." Plaintiff's second amended complaint, quoted above, asks for no equitable relief, and fails to allege any facts to show that the remedy at law was inadequate. There is, for example, no allegation that plaintiff had unsuccessfully attempted execution of his judgment against the corporation, or that the corporation was insolvent. See Comment, Creditors' Rights—Foundation for a Creditor's Bill in Oregon, 36 Or L Rev 338, 342 (1957). The complaint plainly appears to be an attempt to state a cause of action at law. See Hearn v. May, 207 Or 514, 516, 298 P2d 177 (1956).

has been neither claimed nor suggested in this action.[④] Under those circumstances we prefer not to decide whether such a common law duty exists under the circumstances of this case.

■ It is sufficient to say here that if the directors owe a common law duty to a creditor to "make adequate provision" for the payment of his claim the trial court has found as a matter of fact

"* * * that adequate provision was made for payment of the claim of plaintiff upon the dissolution of Beer Boy Corporation, later known as B. B. Distributing Co., * * * and that said defendant is not liable to plaintiff as claimed in plaintiff's complaint, * * *."

Since this is an action at law we are bound by the findings and must affirm. Even if this was a suit in equity we would agree with the findings of the trial court and affirm.

It is so ordered.

---

[④] The cases cited by plaintiff were decided under statutes expressly providing for directors' liability to creditors. Saracco Tank & Welding Co. v. Platz, 65 Cal App 2d 306, 150 P2d 918 (1944); Darcy v. Brooklyn & N. Y. Ferry Co., 196 NY 99, 89 NE 461 (1909). There is, however, authority recognizing that a director who participates in a distribution of assets without making proper provisions for the payment of corporate debts may be liable to the corporation's creditors in the absence of statute. Burke v. Marlboro Awning Co., 330 Mass 294, 113 NE2d 222 (1953); Calkins v. Wire Hardware Co., 267 Mass 52, 165 NE 889 (1929). See 3 Fletcher Cyclopedia Corporations (perm ed) 899-890, § 1186; Lattin on Corporations (2d ed 1971) 646, § 185.