HOWCO LEASING CORPORATION, *Respondent,*
*v.*
OREGON LUMBER EXPORT COMPANY et al,
*Appellants.*
(TC 422-890, SC 25160)
582 P2d 4

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellants.

John M. Berman, of Dezendorf, Spears, Lubersky & Campbell, Portland, argued the cause for respondent. With him on the brief were Herbert H. Anderson and Dezendorf, Spears, Lubersky & Campbell, Portland.

Before Holman, Presiding Justice, and Tongue, Lent and Linde, Justices.

TONGUE, J.

**TONGUE, J.**

This is an action for delinquent rental payments due under a lease of logging equipment and also for the rental value of the equipment for a period of approximately two months following the expiration of the lease, during which possession of the equipment was withheld from plaintiff. The case was tried by the court, sitting without a jury. Defendants appeal from a judgment in favor of plaintiff.

Defendants first contend that the trial court erred in entering judgment against defendant Guy Roberts Lumber Company (Roberts) for $4,114.05 for the rental value of the equipment after expiration of the lease of the equipment by plaintiff to defendant Oregon Lumber Export Company (Oregon Export).

After the execution of that lease the equipment was used by Roberts in logging timber for Oregon Export and was in the possession of Roberts upon the expiration of the lease on October 15, 1975. At that time Oregon Export, the lessee of the equipment, refused to return it to plaintiff unless delinquent rental payments, totaling $14,810.58, were forgiven and unless the machine was then leased to Roberts for three years for $57,596.70. Plaintiff refused to do so and made a demand upon Oregon Export for return of the equipment. Meanwhile the equipment remained in the possession of Roberts until it was picked up by defendant from Roberts on December 5, 1975.

Defendants contend that this is an action for conversion and that under these facts there was no conversion of the equipment by Roberts. Plaintiff denies that this is an action for conversion and contends that it is an action for trespass to personal property, the wrongful withholding by Roberts of plaintiff's logging equipment, for which the measure of damages is the value of the use of such property. In response, defendants contend that any action for trespass to personal property ordinarily will not lie when the defendant came into possession of the

property lawfully, as in this case, citing 75 Am Jur 2d 13, Trespass § 9 (1974).

It appears from the record in this case that Roberts did not come into possession of the equipment wrongfully. There was also no evidence that plaintiff made a demand upon Roberts for return of the equipment upon the expiration of the lease or that Roberts refused to do so. Finally, although there was evidence that Roberts had previously used the equipment, we find no evidence that Roberts used the equipment after the lease had expired.

When the complaint in this case was filed, defendants still had possession of the equipment. In an action for claim and delivery (replevin) against a defendant who did not come into possession of the property wrongfully, but wrongfully withholds its possession, plaintiff must ordinarily make a demand for the return of possession. *Albright v. Browne,* 55 Or 599, 603, 107 P 458 (1910). *See also* 66 Am Jur 2d 862, Replevin §§ 43-44 (1973). Regardless, however, of whether this action be considered as an action for trespass to personal property or an action for claim and delivery or replevin for the wrongful withholding of the possession of personal property, plaintiff's claim against Roberts for the rental value of personal property not returned at the expiration of a lease is based upon the allegation and contention that Roberts wrongfully withheld the possession of the property. In the absence of evidence that plaintiff made a demand against Roberts for return of the property and that Roberts then refused to do so, we hold that plaintiff is not entitled to a judgment against defendant Roberts. The fact that the stock of Roberts may have been owned by the owners of the stock in Oregon Export does not justify a disregard of the separate corporate identity of Roberts. No evidence was offered sufficient to support recovery against Roberts as the "alter ego" of Oregon Export and no such contention is made by plaintiff. *Cf. Wakeman v. Paulson,* 257 Or 542, 544, 480 P2d 434 (1971).

It follows that the trial court erred in entering judgment against Roberts for $4,114.05.

Defendants next contend that the trial court also erred in entering judgment against Oregon Export for $4,114.05 upon the ground that the court erred in finding that Oregon Export converted the machine during the period it retained possession after expiration of the written lease and that requirements for an action for conversion were not proved.

■  We do not construe the findings by the trial court as a finding that Oregon Export converted the equipment. The trial court found that plaintiff was the owner and entitled to the immediate possession of the equipment; that although the lease had expired on October 15, 1975, possession of the equipment was denied to plaintiff by defendants until December 5, 1975, and that the reasonable rental value of the equipment during that period was $4,114.05. Upon examination of the record we find that there was ample evidence to support these findings. As also noted, there was evidence that on October 24, 1975, plaintiff made a demand on Oregon Export for return of the equipment and that it refused to do so, except upon conditions that it was not entitled to demand.

Under these facts plaintiff was entitled to a judgment against Oregon Export for the rental value of the equipment from October 15, 1975, to December 5, 1975. *See Shepherd v. Hub Lumber Co.,* 273 Or 331, 342-43, 541 P2d 439 (1975); *Williams v. International Co.,* 172 Or 270, 279, 284-85, 141 P2d 837 (1943); and *Coffin v. Taylor,* 16 Or 375, 380, 18 P 638 (1888). *See also* 66 Am Jur 2d, *supra* at 908, § 120.

Finally, defendants contend that the trial court erred "in failing to reform the written lease between plaintiff and defendant Oregon Export Lumber Company" and "in failing to find that plaintiff had breached its contract of September 15, 1975, with defendant."

[ 229 ]

The basis for these contentions is an informal written memorandum agreement between plaintiff and Arrowhead Timber Co. dated September 15, 1973, for rental of the same equipment. The stock in Arrowhead was owned by the same person who owned the stock in Oregon Export. On November 16, 1973, a formal equipment lease for the same equipment was executed by plaintiff and Oregon Export, effective as of September 15, 1973. The trial court made the following finding of fact, which we believe to be supported by ample evidence:

> "When Lowel Patton signed the lease in the name of Oregon Lumber Export Company, he knew that he was executing it on behalf of Oregon Lumber Export Company, and no mistake was made. The lease was between Howco Leasing Corporation and Oregon Lumber Export Company because Howco Leasing Corporation would not accept the credit of Arrowhead Timber Company, and it was intended that the lease would bind Oregon Lumber Export Company."

Defendants have not assigned as error the entry of judgment against Oregon Export for delinquent payments under the lease, totaling $14,810.58. Defendants also do not explain how these assignments of error have any bearing upon the validity of the judgment against Oregon Export for the value of the use of the equipment after termination of the lease in the sum of $4,114.05. Under these facts, we hold that these assignments of error have no merit.

For the reasons previously stated, the judgment of the trial court against Oregon Lumber Export Company is affirmed and the judgment against Guy Roberts Lumber Company is reversed.