EUNICE A. REES, RESPONDENT, *v.* GEORGE REES, APPELLANT.

DIVORCE—REAL ESTATE, How FAR CAN BE EFFECTED.—In a suit to dissolve a marriage contract, the court cannot decree that the party in whose favor the divorce is granted shall be entitled to more than an undivided one third of the real estate owned by the other.

APPEAL from Umatilla County.

This is an appeal from so much of a decree, granting a divorce between the parties, as awarded to the respondent all of the appellant's land.

*Wm. Strong & Sons*, for appellant.

*Lucien Everts*, for respondent.

By the Court, KELLY, C. J.:

The appellant does not wish to have the decree of the court below reversed, so far as it dissolves the marriage contract between the parties, but asks this court to modify that decree which awards to the respondent the right to the land therein specified. It is therefore altogether unnecessary for us to examine the evidence in the case, as the disposition of the property of the parties is simply a question of law.

If the land described in the decree belonged to the respondent it was unnecessary to say anything about it. If, however, it was the property of the appellant, then the court below had no right to decree that the whole of it should be given to the respondent. Section 495 of the Civil Code provides that "whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided one third part in his or her individual right, in fee of the whole of the real estate owned by the other at the time of such decree."

The decree of the circuit court is therefore modified so as to give the respondent the undivided one third part, in her own individual right, to the whole of the land specified in the decree as against the appellant. It is further ordered that the appellant shall not recover any costs or disbursements in this court from the respondent.

Decree modified.