### FRIEDMAN v. MYERS.

(*City Court of New York, General Term.* April 24, 1891.)

TRIAL—EXCLUSION OF WITNESS.

That a witness remains in the court-room after an order that witnesses be excluded therefrom is not ground for refusing to permit the witness to be examined. The proper remedy is the punishment of the witness.

Appeal from trial term.

Action by David Friedman against Henry Myers. Defendant appeals from a judgment for plaintiff, entered on the verdict of a jury.

Argued before EHRLICH, C. J., and NEWBURGHER and VAN WYCK, JJ.
*A. H. Berrick*, for appellant. *A. & L. Levy*, for respondent.

NEWBURGHER, J.   This is an action brought against the defendant, one of the city marshals, for the wrongful taking of certain chattels.   The defendant justifies under an execution.   On the trial plaintiff recovered a verdict. The defendant appeals on the ground that the trial justice erred in declining to allow one Mary Goldstein to testify.   It appears that at the opening of the case the defendant's counsel asked "that the witnesses in this case, except the parties, be excluded from the court-room."   Plaintiff's counsel consenting, the request was granted, and the justice ordered the witnesses to retire from the court-room.   When the defendant called Mary Goldstein as a witness the plaintiff's counsel interposed the objection that the witness had remained in the court-room, and therefore had disobeyed the order of the court, and should not be allowed to testify.   The objection was sustained, and the witness was not permitted to testify, to which ruling defendant excepted. The witness' refusal to obey the order of the court was undoubtedly a contempt.   The principal question is whether such contempt can deprive the defendant of the benefit of the witness' testimony.   While it has uniformly been held that the court had the right of separating witnesses during the trial, the authorities seem to hold that the proper remedy for disobedience of the order is to punish the offending witness, and to refer to the witness' testimony in the charge to the jury.   In *Chandler* v. *Horne*, 2 Moody & Rob. 423, at *nisi prius*, ERSKINE, J., said: "It used to be supposed that it was in the discretion of the judge whether the witness should be examined.   It is now settled and acted upon by all the judges that the judge has no right to exclude the witness.   He may commit him for contempt, but he must be examined, and it is then matter of remark that he has willfully disobeyed the order."   In *Cook* v. *Nethercote*, 6 Car. & P. 743, ALDERSON, B., says: "The fact that a witness was examined after the witnesses on both sides had been ordered out of court would be no ground for rejecting his evidence.   It would be only a matter of observation respecting his testimony."   This proposition has been cited in *Beamon* v. *Ellice*, 4 Car. & P. 585; *Thomas* v. *David*, 7 Car. & P. 350.   In *Cobbett* v. *Hudson*, 1 El. & Bl. 11, the plaintiff conducted his cause in person.   The lord chief justice told him that if he addressed the jury as an advocate he could not be permitted to give evidence as a witness. Lord CAMPBELL, C. J., in delivering the opinion of the court, in granting a new trial, says: "We must be careful that we do not abridge the rights conferred on suitors by common or statute law, while we are acting merely on views of policy and expediency.   With respect to ordering the witnesses out of court, although this is clearly within the power of the judge, and he may fine a witness for disobeying this order, the better opinion seems to have been that his power is limited to the infliction of the fine, and that he cannot lawfully refuse to permit the examination of the witnesses;" and numerous authorities are cited.   The same practice seems to prevail in this country.   *Hubbard* v. *Hubbard*, 7 Or. 47; *State* v. *Thomas*, 111 Ind. 575;[1] *Hey* v. *Com.*, 32 Grat. 946; *State* v. *Sparrow*, 3 Murph. 487; *Pleasant* v. *State*, 15 Ark. 650; *Rooks* v. *State*, 65 Ga. 331; *Betts* v. *State*, 66 Ga. 512; *Smith* v. *State*, 4 Lea, 430; *Porter* v. *State*, 2 Ind. 435.   In *Parker* v. *State*, 67 Md. 329, 10 Atl. Rep. 219, a material witness remained in the court-room during the examination of the witnesses after the court had ordered the exclusion of the witnesses on both sides from the court-room.   Held, the court erred in refusing the witness to testify.   Judge BRYAN, in delivering the opinion of the court, says: "A person cannot be deprived of the benefit of a witness because of his misconduct in disobeying the order of the court.   All suggestions of this kind are alien to the spirit and genius of our jurisprudence."   It seems to me thus entirely clear that the act of the witness Goldstein was one for which she alone was punishable.   It would be, indeed, a hardship to deprive defendant

[1] 13 N. E. Rep. 35.

of the benefit of her testimony, which it is possible might have changed the result. Following the reasoning of the authorities cited by me, the judgment must be reversed, and new trial granted, with costs to appellant to abide event. All concur.