Argued July 23, decided July 29, decree corrected September 9, 1913.

# SILLIMAN *v.* SILLIMAN.

(133 Pac. 769.)

**Divorce—Alimony—Statute.**

1. Where plaintiff was granted a divorce from her husband, she was entitled under Section 511, L. O. L., to have incorporated into the decree a provision granting her a one-third interest in the land which was found to be owned by the husband.

**Divorce—Alimony—Modifying Decree.**

2. An amendment of a divorce decree so as to give plaintiff one third of her husband's realty, but not allowing $1,000 cash alimony and $150 suit money given in the original decree, was beyond the jurisdiction of the court when made after the term at which the decree was entered.

**Judgment—Amendment—Authority of Court.**

3. The court may make changes in a judgment any time during the term it was entered, but after the term it is beyond its power to make any substantial change, except to correct clerical errors or to make the judgment conform to the actual decision.

[As to amendment of judgment, see note in 62 Am. St. Rep. 233.]

From Hood River: WILLIAM L. BRADSHAW, Judge.

Department 1. Statement by MR. JUSTICE RAMSEY.

This is a suit for a divorce brought by Annie L. Silliman against Lawrence Silliman. A divorce was granted to the plaintiff on March 22, 1912, and by this decree the court awarded to the plaintiff alimony amounting to $1,000 and expense money amounting to $150, besides costs and disbursements amounting to $233.30.

The plaintiff's complaint alleged that the defendant owned in fee simple certain real property in Hood River county containing 9⅓ acres. In the findings of fact, the trial court found that the defendant owned said real property but failed to decree one third thereof to the plaintiff. The court gave her the $1,000

alimony and the $150 expense money in lieu of the one-third interest in the defendant's land.

On June 22, 1913, three months after the decree of divorce was entered, and after the adjournment of the term of the court at which said decree of divorce was rendered, the plaintiff filed a motion in the court below, asking that court so to amend said decree of divorce as to grant the plaintiff, in fee simple, an undivided one-third part of the real property of the defendant referred to in the complaint and in the findings of fact. Said motion was heard by the court below and decided on July 18, 1912, and on that day the court made and entered an amended decree of divorce and by such amended decree granted to the plaintiff an undivided one third of said real property, and at the same time so amended said decree as not to allow the plaintiff said $1,000 alimony, or any part thereof, or said sum of $150 or any part thereof, as expense money.

In the conclusions of law filed by the court in said suit on March 22, 1912, the court below did not find that the plaintiff was entitled to any part of said real property. The record fails to show that the defendant made any motion to have the original decree modified, so as not to allow the plaintiff any alimony or expense money.

The terms of the Circuit Court of Hood River County, as fixed by the laws of 1911 (page 213), began on the second Monday in January, first Monday in April, July and October, annually. The original decree was entered before the beginning of the April term, and the motion for the amendment of the decree was filed after the April term, and the amended decree was granted and entered during the July term, 1912. The plaintiff has appealed from that part of the amended decree of divorce which so modified the original decree that the plaintiff was not entitled to any

part of said alimony of $1,000 or any part of said $150 allowed in the original decree as "suit money."

REVERSED.

For appellant there was a brief, with oral arguments by *Mr. E. H. Hartwig* and *Mr. S. H. Haines.*

For respondent there was a brief over the names of *Bennett & Sinnott* and *Mr. A. J. Derby,* with an oral argument by *Mr. Derby.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

1. The plaintiff was entitled to a decree for an undivided one third of the defendant's real property referred to in the complaint and in the findings of fact: Section 511, L. O. L.; *Wetmore* v. *Wetmore,* 5 Or. 469; *Rees* v. *Rees,* 7 Or. 47; *Houston* v. *Timmerman,* 17 Or. 506 (21 Pac. 1037, 11 Am. St. Rep. 848, 4 L. R. A. 716). When the original decree was entered, a provision granting her said one-third interest in the defendant's land should have been incorporated into the decree. The trial court's conclusions of law failed to find that she was entitled to any part of the land. In the amended decree the court stated that she was given $1,000 alimony and $150 as "suit money" in lieu of the one third of the land, but the original decree is silent on that point.

2. The plaintiff brought this appeal and asks that said portion of the amended decree which so modifies the original decree as not to allow the plaintiff any alimony or any "suit money" be reversed, and claims that the court below erred in so modifying said decree.

Section 514, L. O. L., authorizes the court, at any time after entering a decree of divorce, to change or set aside any portion of the decree that provides for

the care and custody of minor children or for their education, or nurture or for the maintenance of either party. This power may be exercised at any time after a decree of divorce is granted on the motion of either party. But this section requires a motion to be filed, asking the court to make the change desired. There seems to have been no motion filed in this case by the defendant asking to have the decree modified so as not to allow the alimony, etc. But counsel for the defendant contends that as the court below allowed alimony and the "suit money" in lieu of the one-third interest in the defendant's realty, as the amended decree states, it was the duty of the court, when changing the original decree so as to grant the plaintiff one third of the defendant's land, so to modify the original decree as not to allow the plaintiff any alimony or any "suit money." This position might be true, if the court had had jurisdiction to make the change in the decree in relation to the one-third interest in the land, but the court was without jurisdiction to change its decree in any respect.

The original decree was made and entered on March 22, 1912. Another regular term of that court began on the first Monday in April, 1912, and the motion asking for the change in the decree was not filed until June 22, 1912, and the amended decree was not entered until July 18, 1912. Another regular term of that court began on the first Monday in July, 1912. It will be observed that the original decree was made during the January term, and that the motion for a change in the decree was not made or filed at that term nor until after the April term had probably closed. The records show also that the original decree was, when entered, in all respects what the court intended it to be. This motion was not based on any error of the clerk in entering the decree or to make the decree to

be entered to conform to the decree actually made by the court. The object of the motion was to have a new paragraph added to the decree, granting to the plaintiff one third of the defendant's real property, which the court, when the original decree was entered, did not intend to grant. That the court did not intend to grant the plaintiff any interest in the defendant's land, when the original decree was rendered, is shown by the conclusions of law then filed and by a recital of the amended decree.

3. The law is settled that a court may make changes in a judgment or a decree at any time during the term at which it was entered: 1 Black, Judgments (2 ed.), § 153. It is equally well settled that, after the expiration of the term of court at which a judgment or a decree was rendered, it is not within the power of the court to amend it in any matter of substance or by adding a new clause affecting the rights of the parties: 1 Black, Judgments (2 ed.), § 153; *Grover* v. *Hawthorne*, 62 Or. 69, 75 (121 Pac. 804); *Farmers' Loan Co.* v. *Oregon Pac. R. R.*, 28 Or. 66 (40 Pac. 1089); *Lombard* v. *Wade*, 37 Or. 432 (61 Pac. 856); 23 Cyc., pp. 861, 862. But it is within the power of the court, after the adjournment of the term, to correct clerical errors or misprisions of the clerk in entering a judgment or a decree so as to make the judgment or the decree entered conform to the judgment or the decree actually rendered. Under this power to make corrections, however, the power of the court is limited to including in the reformed judgment or decree provisions that were included in the judgment or decree actually rendered, but omitted from the entry by misprision of the clerk: 1 Black, Judgments, §§ 156, 157. Mr. Black, in Section 156, says: "Hence, if anything has been omitted from the judgment which is necessarily or properly a part of it, and which was intended and

understood to be a part of it, but failed to be incorporated in it through the negligence or inadvertence of the court or the clerk, then the omission may be supplied by an amendment after the term. If, on the other hand, the proposed addition is a mere afterthought and formed no part of the judgment originally intended and pronounced, it cannot be brought in by way of amendment.''

The amendment of the decree in this case, so as to grant the plaintiff part of the defendant's land, was an afterthought, and the court was without jurisdiction to allow it, after the adjournment of the term, and hence the court could not, as an incident to that amendment, amend the decree so as to allow the plaintiff no alimony or ''suit money,'' the defendant not having presented any motion or petition for such modification. We do not find it necessary, however, to decide whether, if the court had had jurisdiction to amend the decree, so as to allow the plaintiff part of defendant's land, it could, as an incident to that amendment, have amended the decree also so as not to allow the plaintiff alimony or ''suit money,'' without a motion asking for such modification. But the change in the decree, so as to grant the plaintiff part of the defendant's land, having been made without jurisdiction, the other change could not be made *as an incident* to that modification even if it could have been so made, if the change as to the land had been legally granted.

We find that the attempted amendment of the original decree, so as not to allow the plaintiff the $1,000 as alimony or $150 as ''suit money,'' was made without jurisdiction, and that it is void. The amended decree, so far as it changed the original decree, so as not to allow the plaintiff said alimony and said ''suit money,'' is reversed and set aside. We do not reverse that part of the amended decree which attempts to allow one

third of the defendant's land to the plaintiff for the reason that the defendant has not appealed therefrom. The decree of this court reverses that part of said amended decree in regard to alimony and "suit money" without affirming any part of said amended decree, as the whole amended decree was rendered without jurisdiction or authority. Neither party will recover costs or disbursements in this court.

REVERSED.

Mr. CHIEF JUSTICE McBRIDE, Mr. JUSTICE MOORE and Mr. JUSTICE BURNETT concur.