## THOMPSON v. CLARK et al.

No. 8554—Opinion Filed Feb. 4, 1919.

(178 Pac. 655.)

**Replevin—Certificate of Deposit—Fraud — Burden of Proof.**

In a replevin suit by the payee of a time certificate of deposit to recover possession of such certificate on account of fraud and false representations made by the transferee in securing the same, after the plaintiff has proven to the satisfaction of the jury that the possession of such instrument was obtained through fraud and false representations and without consideration, then the burden shifted upon a party, who claims to be an innocent holder in due course for value, to show that he is such holder.

(Syllabus by West, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Suit by Susie Thompson, a minor and incompetent, by her guardian, E. A. McKinney, against W. G. Clark and others. Judgment for defendants and plaintiff brings error. Reversed and remanded.

McPherren & Cochran, Chas. P. Abbot, and Utterback & MacDonald, for plaintiffs in error.

Hatchett & Ferguson, for defendant in error.

Opinion by WEST, C. This suit was instituted in the district court of Bryan county to recover possession of a time certificate of deposit issued by the Durant National Bank to Susie Thompson, plaintiff. It appears that on or about the 5th day of July, 1914, plaintiff in error Susie Thompson transferred said certificate of deposit by indorsement to W. E. Lyon, and Lyon afterwards transferred the same to W. G. Clark. The real parties in interest in this case are therefore Susie Thompson, plaintiff in error, plaintiff below, and W. G. Clark, one of the defendants in error and one of the defendants below. The parties will hereinafter be designated as they appeared in the court below.

It was contended on the part of plaintiff that the transfer of the certificate of deposit from her to W. E. Lyon was obtained by fraud and without consideration; that, whether the defendant Clark was a party to the fraud practiced upon her or not, the transfer to him by Lyons was made under such circumstances as to preclude the · said W. G. Clark from being a holder in due course without notice and for a sufficient consideration.

It will be remembered that this is a replevin suit involving the right of possession of the certificate in question, and, upon the trial of the issues in the court below, the defendant Clark obtained a judgment in his favor. In addition to returning a general verdict, the jury were directed to answer a number of interrogatories submitted to them, among which were the following:

"Were Lyons and Thompson guilty of fraud in securing the transfer of the indorsement of the certificate? Answer: Yes.

"Do you find that the defendant Clark knew of such fraud or was guilty of bad faith in purchasing said certificate? Answer: No.

"Do you find that Lyons gave the plaintiff anything of value for the certificate? Answer: No.

"Do you find that the defendant Clark had notice of the fact that Lyons had not paid anything of value? Answer: No."

Among the assignments of error urged, all that is necessary for us to notice may be considered under the following propositions:

1. Did the court err in placing the burden on plaintiff to show that the defendant Clark was not an innocent holder for value in due course, or that he took such certificate under circumstances as to render his taking bad faith?

2. Did the court err in failing to give plaintiff's requested instruction No. 6, which is as follows:

"The court instructs the jury that if you find from the evidence that the said time certificate of deposit was obtained from the plaintiff, Susie Thompson, through the fraud of, or false representation of, W. E. Lyon and Charlie Thompson, who represented to her that she was receiving a good note secured by a mortgage when she was not so receiving said good note secured by said mortgage, then the burden in this case is upon the defendant Clark to show by a preponderance of the evidence that he acquired the said time certificate of deposit in the ordinary course of business for value before maturity and without notice of such fraud or false representations, or either, or of any other fact or circumstances which would amount to actual bad faith on his part should he not make an investigation as to the same before he could recover."

As will appear by the answer to the interrogatories submitted to them, the jury found the original transfer of the certificate from Susie Thompson, plaintiff, to W. E. Lyon, was secured by fraud and without consideration.

In the case of Lambert v. Smith, 53 Okla. 606, 157 Pac. 909, the court, in the third paragraph of the syllabus, lays down the following rule:

"When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, except as otherwise provided in section 4109, Rev. Laws 1910."

In the body of the opinion the court uses the following language:

"Evidence of fraud in the procurement of the note from Lamber having been introduced, the burden then shifted to the plaintiff to show that he acquired the note without knowledge of any infirmity therein and · in good faith, as was held in Winfield Nat. Bank v. McWilliams, 9 Okla. 493, 60 Pac. 229; Forbes v. First Nat. Bank, 21 Okla. 206, 95 Pac. 785."

The reason for the rule announced in shifting the burden in such cases is that the circumstances surrounding the transaction are peculiarly within the knowledge of the purchaser who is claiming immunity as an innocent holder in due course and seeking to be relieved from the consequences of an infirmity in such paper resulting from the fraud of his vendee. Does not the same cogent conclusion that supplies the reason for the rule above announced in a suit on paper thus tainted apply with equal force in a suit for possession of paper impaired with this defect? We think so, and so hold that, when the plaintiff had proven to the satisfaction of the jury that the original transfer of the certificate from her to Lyons was obtained by fraud and without consideration, then the burden shifted upon the defendant Clark, who claimed to be an innocent holder in due course for a valuable consideration, to show that he was such a holder, and the court was in error in imposing this burden upon the plaintiff; that is, to show that the defendant Clark was not an innocent holder in due course for value.

In answering the second proposition as to whether or not the court committed error in refusing to give plaintiff's requested Instruction No. 6 hereinbefore quoted, will say that we believe that said instruction fairly submitted the question to the jury; that is, it imposed upon the plaintiff the burden to show that the time certificate of deposit was obtained from plaintiff through fraud or false representations, and, when said proof was made, then the burden was placed upon the defendant Clark to show that he acquired said certificate in ordinary course of business for value before maturity without notice of fraud or false representations. While the instruction might have been somewhat more explicit, we think that it fairly submitted the issues on this phase of the case, that it should have gone to the jury, and that the court was in error in refusing to give such instruction or one instead that submitted the same issues to the jury.

On account of the errors hereinbefore considered, this cause must be reversed and remanded, and it is so ordered.

By the Court: It is so ordered.