Argued October 14, affirmed November 15, 1927.

# FARMERS' LOAN AND MORTGAGE CO. *v.* HANS HANSEN.

### (260 Pac. 999.)

**Replevin—Subject Matter of Claim and Delivery Action must be Described With Reasonable Certainty.**

1. Property forming subject matter of action in claim and delivery must be described with reasonable certainty, so that officer serving process can identify it, and defendant may know what property he is charged with detaining.

**Replevin—Description of Property Forming Subject Matter of Claim and Delivery Action Need not be so Definite as to Make Extrinsic Aid Unnecessary.**

2. Description of property forming subject matter of action in claim and delivery need not be so definite as to make extrinsic aid unnecessary in identifying it.

**Replevin—Where Defendant, in Action for Claim and Delivery, Gives Re-delivery Bond, and Retains Possession of Property, He cannot Complain of Insufficiency of Description.**

3. Where defendant, in action for claim and delivery, gives re-delivery bond, and retains possession of the property claimed, he is in no position to interpose objection that property is not sufficiently described in complaint.

**Replevin—Value of Property in Claim and Delivery Action may be Determined Either at Time of Taking or Time of Trial.**

4. Jury may determine value of property in claim and delivery action either as of time of taking or time of trial as may best seem to promote justice.

**Chattel Mortgages—In Claim and Delivery Action Between Chattel Mortgagee and Third Party not Owner, Verdict for Mortgagee Need not Specify Nature and Value of Mortgagee's Interest.**

5. In claim and delivery action between a· chattel mortgagee, who had taken the property from the alleged owner, and a third party not the owner, especially where finding as to mortgagee's interest was not requested, verdict for mortgagee for the return of the property or its value need not specify the nature and value of mortgagee's interest, as would be necessary in action between general owner and mortgagee.

---

1.  See 23 R. C. L. 890.

**Replevin—Verdict for Plaintiff in Claim and Delivery Action for Cows Need not Specify Value of Each Cow, Where Defendant has not Requested Separate Valuation.**

6. In claim and delivery action for several cows, verdict for plaintiff need not specify value of each cow, where they were of about the same value, and defendant has not requested separate valuation.

**Appeal and Error—Defendant in Claim and Delivery Action Who Did not Ask for Separate Valuation of Cows cannot Complain of Verdict Giving Aggregate Value.**

7. On appeal from verdict for plaintiff in claim and delivery action for several cows, defendant who did not ask for separate valuation cannot complain of verdict giving only aggregate value.

**Replevin—Judgment, in Action for Possession of Cattle, Held not Objectionable as not Being in the Alternative.**

8. Judgment, in action to obtain possession of dairy cattle, that plaintiff have restitution thereof, and that defendant immediately deliver to plaintiff such cattle, and, in case delivery could not be had, that plaintiff recover from defendant specified sum, *held* not subject to objection that it was not in the alternative.

**Appeal and Error—Judgment Containing Clerical Misprision Held not to Require Reversal, Since It Might be Corrected by Trial Court.**

9. Judgment, in action for possession of cattle, requiring delivery thereof at a date which antedated more than two weeks the entry of judgment, *held* not to require reversal, since it was a clerical mistake clearly apparent of record, which trial court might correct so as to make the judgment entered conform to judgment actually rendered.

**Judgment—Court may Correct Clerical Error of Clerk in Entering Judgment.**

10. Court may, during term at which judgment is rendered, or after adjournment, correct clerical error of clerk in entering judgment, so as to make judgment entered conform to judgment actually rendered.

**Appeal and Error—Supreme Court cannot Try Action of Claim and Delivery De Novo (Const., Art. VII, § 3c).**

11. Under Constitution, Article VII, Section 3c, the Supreme Court cannot try an action of claim and delivery on appeal *de novo*.

---

Appeal and Error, 4 C. J., p. 843, n. 65, p. 908, n. 63, 64, p. 1167, n. 94.

Estoppel, 21 C. J., p. 1223, n. 23.

Judgments, 34 C. J., p. 207, n. 5, p. 228, n. 80, p. 229, n. 83.

Replevin, 34 Cyc., p. 1471, n. 86, 89, p. 1472, n. 90, 91, 92, p. 1507, n. 59, p. 1534, n. 94, p. 1535, n. 97, 1, p. 1536, n. 16, p. 1548, n. 17.

4. See 23 R. C. L. 914.

10. See 15 R. C. L. 679.

From Multnomah: J. U. CAMPBELL, Judge.

Department 2.

This action was brought to obtain possession of a number of dairy cows alleged to have been wrongfully taken from plaintiff by defendant and unlawfully detained by him. The complaint avers the facts showing plaintiff's ownership of the property described therein, the unlawful taking and detention of that property by defendant, and plaintiff's right to the immediate possession thereof. The defendant, answering, by a general denial put the plaintiff upon its proof as to the truth of all the averments of fact set out in its complaint. The issues having been made up, the case was tried to the court without a jury. The court found that the plaintiff was entitled to the immediate possession of thirteen cows described in paragraph 3 of its complaint, of the aggregate value of $1,300, and adjudged that, "in case a delivery cannot be had immediately, then plaintiff shall recover of and from defendant the sum of $1,300." The defendant appeals.     AFFIRMED.

For appellant there was a brief over the names of *Messrs. Winter & Maguire* and *Mr. Normal Kuykendall,* with an oral argument by *Mr. W. H. Maguire.*

For respondent there was a brief over the names of *Mr. Wendall K. Phillips* and *Mr. Chester A. Sheppard,* with an oral argument by *Mr. Phillips.*

BROWN, J.—1, 2. This is essentially an action to obtain possession of specified personal property. The defendant asserts that the plaintiff failed to give a sufficient description of the property in its com-

plaint. It is a rule of law that the property forming the subject matter of an action in claim and delivery must be described with a reasonable degree of certainty, so that it can be identified by the officer serving the process, and that the defendant may know what property he is charged with detaining in order that he may prepare his defense. However, the description need not be so definite as to render extrinsic aid unnecessary.

3. In the instant case there are no circumstances pleaded by way of excuse for not giving a more definite description, which, to say the least, is subject to criticism for indefiniteness. However, the cows were taken into the possession of the officer under a writ issued at the instance of the plaintiff; and it appears that, when so taken, they were readily identified by the officer with the assistance of a representative of the plaintiff. Furthermore, the defendant, for the purpose of holding the stock, executed and delivered his redelivery bond and retained possession thereof. A case directly in point is that of *Foredice v. Rinehart,* 11 Or. 208 (8 Pac. 285), where Mr. Justice LORD, speaking for the court, said:

"The fact is, the defendant is in no position to interpose this objection (insufficiency of the description of the property) when the record shows him to have retained the possession of the very property for which this action is brought."

On this subject, Cobbey on Replevin (2 ed.), Section 701, says:

"Where the defendant gives a bond and obtains a redelivery of the property under a statute providing for it, he thereby admits that he had possession of the property at the commencement of the suit. He is thereby estopped from alleging that it was not taken

from him and was not in his possession at the commencement of the suit."

For further discussion, see Sections 728 and 791.

Clearly, this defendant is not in a position to raise the question of the insufficiency of the description of the property involved.

4. The defendant claims that the value of the property taken must be fixed as of the date of the judgment, and not as of that of the taking. On this subject there is a contrariety of opinion. However, in the case of *La Vie* v. *Crosby,* 43 Or. 612 (74 Pac. 220), this court, in construing Section 153, B. and C. Comp., the statute describing the form of verdict in cases such as this, said:

"The statute just quoted being silent in respect to the time when the value of the property taken from the prevailing party is to be assessed when a return thereof cannot be had, it is susceptible to such construction as will make it the duty of the jury to determine such value either when the property was taken or at the time of the trial, as may best seem to promote substantial justice."

In reaching a verdict in the instant case, the trial court was evidently guided by the rule of interpretation announced in that case.

5. The defendant contends that, in a case of this kind, where the verdict for the return of the property or its value is in favor of a party possessing only a special or limited interest therein, as, for example, a mortgagee, the verdict must find and specify the nature and extent of the value of such special interest, and cites in support of his claim 34 Cyc. 1536. As between the general owner and the plaintiff, this is true; but this principle has no application to the case under consideration: *Coos Bay R. R. Co.*

v. *Siglin,* 34 Or. 80 (53 Pac. 504). In the instant case the mortgagee, plaintiff herein, had taken the property into its possession from the alleged owner, for the purpose of foreclosing its mortgage, and the property had thereafter been covertly taken from its possession by defendant. Of course, the plaintiff must ultimately account to the owner for its stewardship, but that has nothing to do with the case at bar. Again, the defendant made no request for a finding as to the extent of plaintiff's interest in the cows.

6, 7. Neither is there any merit in the defendant's contention that it was necessary for the verdict to specify the value of each of the several cows. The property replevied was all alike in character, and, according to the testimony, the cows were of about the same value, i. e., $100 per head, making an aggregate value of $1,300. The defendant had no right to stand by and ask for no separate valuation, and, after the verdict had been rendered, take advantage of his own negligence.

8–10. The court adjudged:

"That this plaintiff have restitution of the cattle hereinabove more particularly described, and that this defendant immediately deliver to this plaintiff the said cattle at the ranch from which said defendant did take said cattle, two and one-half miles from Milwaukie on the Lake Road, said delivery to be made not later than Friday, the tenth day of October, 1924, and in case a delivery cannot be had immediately, then plaintiff shall recover of and from defendant the sum of $1,300."

This judgment is not subject to the objection that it is not in the alternative.

It will be observed that the judgment was entered on October 25, 1924, and it required the delivery of the cows not later than Friday, October 10, 1924,

which date antedated by more than two weeks the date of the entry of the judgment. However, this case will not be reversed for that reason. This is a clerical mistake, clearly apparent of record; and in such case the law is well settled that the court, during the term at which a judgment is rendered, or after the adjournment of such term, may correct a clerical error or misprision of the clerk in entering the judgment, so as to make the judgment entered conform to the judgment actually rendered: *Harvey's Heirs* v. *Wait,* 10 Or. 117; *Silliman* v. *Silliman,* 66 Or. 402 (133 Pac. 769); 1 Freeman on Judgments (5 ed.), § 145. See extensive note, 10 A. L. R., p. 526.

11. The value of the personal property involved herein, together with the plaintiff's right to the possession thereof, was determined by the court below. We are not permitted to try this case *de novo,* nor can we take the record by its four corners and "affirmatively say that there is no evidence to support the verdict." Or. Const., Art. VII, § 3c.

We have considered all assignments of error. The defendant has sustained no substantial prejudice by reason of the rulings of the trial court. From the record, we are satisfied that this plaintiff is entitled to the immediate possession of the thirteen cows adjudged to have been wrongfully detained by defendant.

This case is affirmed.     AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.