Argued January 22; affirmed March 1, 1932

# PARISH *v.* COLUMBIA NATIONAL BANK
## OF PORTLAND ET AL.

(8 P. (2d) 584)

*W. O. Sims,* of Portland (Sims & Sims and Frank Senn, all of Portland, on the brief), for appellants.

*Wendell K. Phillips,* of Portland (Sheppard, Phillips & Ralston, of Portland, on the brief), for respondent.

KELLY, J. Defendants urge that because there is no allegation in the complaint that defendant, W. P. Olds, was in possession of the property in controversy when the action was instituted, the action should be dismissed. The answer of defendant, W. P. Olds, alleges that said "defendant is a purchaser for value of the said personal property and received the same in due course and without notice of any claim that the plaintiff had or could assert against the same." And also: "That in February, 1930, * * * this defendant, * * * signed and delivered to said Columbia National Bank, of Portland, his guarantor's agreement in writing," etc., and "That immediately after the signing of said guarantor's agreement, * * * said Thomas Olds delivered said personal property to this answering defendant, and this defendant * * * immediately delivered the same to the Columbia National Bank of Portland as collateral security," etc.

The answer of defendant bank alleges that under date of March 21, 1930, defendant, Olds, deposited said bonds with defendant bank as security for certain contracts of guaranty theretofore executed by defendant, Olds, to said defendant bank. These allegations in the answer aid the complaint and in effect supply the defect relied on for dismissal.

■ Error is predicated upon the refusal of the trial court to give the following instruction, which was requested by defendants:

"Every holder is deemed prima facie to be a holder in due course and in the ordinary affairs of life we speak of one as being a holder in due course who obtains possession of a negotiable instrument in some business transaction and not through force or by other unlawful means."

While this instruction correctly states that every holder is deemed prima facie to be a holder in due course, the further statement in it, as to how a holder in due course is spoken of in the ordinary affairs of life, render it improper, and no error was committed in refusing to give such requested instruction.

■ Error is also predicated upon the alleged failure to give one other requested instruction, but we think the same was given with a slight modification, and, as given, correctly stated the law.

■ It is also urged that there is absolutely nothing in the record showing the value of the bonds in controversy either at the date of the verdict or at the date of the commencement of the action. The rule adopted by this court, in cases of this character, is that it is the duty of the jury to determine the value either when the property was taken, or at the time of the trial, as may best seem to promote substantial justice: *La Vie v. Crosby*, 43 Or. 612 (74 P. 220); *Farmers' Loan & Mortgage Co. v. Hansen*, 123 Or. 72 (260 P. 999).

■ There is testimony of the value of the bonds in suit on January 28, 1930. There is also testimony tending to prove that said bonds were then wrongfully taken by one Tom Olds from plaintiff. This is sufficient to justify submitting the question of value to the jury.

■ Error is also predicated upon the refusal of the trial court to give the following instruction requested by defendants:

"If you find under the evidence that the plaintiff delivered the bonds in question to Tom Olds, directing him to do certain things with the bonds, then I instruct you as a matter of law that Tom Olds would become the agent of Mr. Parish and Mr. Parish would have an action alone against Tom Olds for any violation of the terms of his contract and such breach of contract cannot be charged against either one of these defendants."

No one has contended that this action was instituted by plaintiff to recover for a breach of contract. It is not such an action. It is an action sounding in tort. To instruct upon the remedies arising on contract in the case at bar would have been confusing and unwarranted. No error was committed in not giving the requested instruction above quoted.

In defendants' brief two grounds are assigned in support of the contention that defendants' motions for a directed verdict should have been allowed. The first of these grounds is the claim that there is no evidence in the record whatever contradicting the testimony of defendant, Olds, to the effect that he bought the bonds from Tom Olds without any knowledge that Parish ever owned them.

■ No good purpose would be served by giving an extended statement of the testimony. Bearing in mind

that defendants hold the affirmative upon the issue as to whether they were holders in due course (section 57-409, Oregon Code 1930; *Thompson v. Clark et al.,* 74 Okla. 221 (178 P. 655); *Cooke v. Reserve Realty and Investment Co.,* (Kansas City court of appeals of Missouri) 25 S. W. (2d) 562; *Miller v. The Peoples Saving Bank,* 193 Mo. App. 498 (186 S. W. 547)), we are constrained to hold that the testimony of the relationship existing between W. P. Olds and Tom Olds, not of affinity or consanguinity, but their personal, social and business relationship together with inconsistencies in the testimony given by defendant, Olds, upon the last trial apparent when compared with his testimony on a former trial as to that relationship, prevents this court from holding that the trial court should have instructed the jury as a matter of law that defendant, W. P. Olds, was a holder in due course of the bonds in suit.

■ It is a well recognized rule that where the holder's denial of notice is contradicted by suspicious circumstances the question of good faith is for the jury though there is no direct evidence of notice: Vol 5, Uniform Laws Annotated, p. 427, par. c, and cases there cited.

As to defendant bank also, the testimony is conflicting upon the matter of notice to it of the alleged defect in the title of said bonds. This conflict necessitated the submission to the jury of the question as to whether said bank was a holder in due course.

The second ground urged in behalf of defendants' motions for a directed verdict is that an amendment to plaintiff's complaint having been made after the testimony had been heard whereby paragraph VIII of said complaint was made to read as follows: "That the present actual value of said personal property is the sum of $8,150.00," by reason thereof, the complaint is

left without any allegation as to the value of the property when the bonds went into the possession of either of the defendants, and as to the value of the property at the time of the trial.

This ground is untenable for the reason that paragraph VII of said complaint is as follows:

"That immediately prior to the taking of said bonds by the defendants they were of the value of $15,375.00; and that since the wrongful taking and withholding of the said bonds by the defendants, they have depreciated in market value in the amount of $7,225.00 to the plaintiff's damage in the sum of $7,225.00."

We have reviewed the record herein, and, while we withhold any opinion as to how the questions of fact should have been decided, we find that the testimony was conflicting and that this justifies the action of the trial court in submitting the case to the jury. We find no error of law herein.

The judgment of the lower court is affirmed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.