**HAGER v. GORDON.**

No. 11934.

United States Court of Appeals
Ninth Circuit.

Dec. 1, 1948.

Rehearing Denied Jan. 3, 1949.

---

[6] McElroy v. Pegg, 10 Cir., 167 F.2d 668, 670.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant and appellee entered into an agreement to construct a boat and barge. The construction was completed and the boat and barge were operated on Alaskan rivers freighting cargo, in most part, for the United States Government. The boat was named "Elaine G." The agreement between appellant and appellee was to the effect that the expenses of construction and operation of the boat and barge should first be deducted from earnings, and title to each was then to be transferred to appellant. The earnings of the boat and barge during 1945 were large, so much so that appellant asserted ownership and demanded an accounting, alleging the 1945 earnings to be sufficient to pay off all construction and operational costs. No accounting was had.

On April 20, 1946 appellee took possession of the "Elaine G" and the barge, and operated them during the time the rivers were open for navigation that year. Appellee refused to surrender possession of the boat and barge.

On May 13, 1947 appellant filed an action in claim and delivery for the recovery of the boat and barge pursuant to ch. 80, Code of Civil Procedure, Compiled Laws of Alaska 1933. Trial was had before a jury and a verdict returned in favor of appellee.

Certain of the instructions given by the trial court are challenged as being so prejudicial as to require a reversal of the judgment.

The Court gave instruction I. A. as follows:

"I.

"A.

"That the plaintiff, Hager, makes the following claims, to-wit: That in the latter part of 1944 he and the defendant, Gordon, entered into an oral agreement as follows, to-wit:

"(1) The defendant, Gordon, should furnish the money to build, equip and operate a stern wheel power boat (afterwards named 'Elaine G'), and a power driven barge (afterwards named 'Elaine G');

Bailey E. Bell, of Anchorage, Alaska, and Julien A. Hurley, both of Fairbanks, Alaska, for appellant.

Warren A. Taylor, of Fairbanks, Alaska, for appellee.

"(2) That the plaintiff, Hager, would operate said boat and barge and apply the earnings thereof to the payment of the cost of building, equipping and operating said boat and barge;

"(3) That when the earnings of said boat and barge paid off the cost of building, equipping and operating said boat and barge, the same would be the property of the plaintiff, Hager, free of all liabilities;

"(4) That at all times before such earnings of said boat and barge paid off the cost of building, equipping and operating the same, the plaintiff, Hager, was to be the owner of said boat and barge;

"(5) That before the 20th day of April, 1946, the earnings of said boat and barge had paid off all of the cost of building, equipping and operating said boat and barge."

It will be noted that in section (4) of instruction I. A. the Court states that plaintiff (appellant) claimed ownership of the boat and barge before earnings paid off the cost of building, equipping and operating.

The Court further instructed in paragraph B. of instruction I. as follows:

"B.

"You are instructed that if the plaintiff, Hager, has proved, by a preponderance of the evidence in this case, each of the matters set forth in subparagraphs (3), (4) and (5) of paragraph A of this instruction, then, and only then, should you find in favor of the plaintiff and sign Verdict Number I. If the plaintiff fails to prove the matters set forth in any of said sub-paragraphs (3), (4) and (5) above, by a preponderance of the evidence in this case, or if the evidence in this case as to the matters set forth in said sub-paragraphs (3), (4) and (5) is equally divided, you should find against the plaintiff on the issues set forth in this case, and you should find for the defendant, Gordon, and sign Verdict Number II."

The instruction relative to the requirement of proof of ownership before the boat and barge paid off the cost of construction, equipping and operating said boat was erroneous.

Under the issues presented by the pleadings and evidence appellant was entitled to prevail if he satisfied the jury, by a preponderance of the evidence, that the "Elaine G" and the barge had earned sufficient to cover construction costs and all expenses, of operation; that is, a sufficient net, after the operating costs and other expenses were deducted, to repay the money advances which had been made.

Error is assigned in the giving of an instruction as to the value of the boat and barge which was to be paid appellant, should the jury find appellant had title to the boat and barge and the return thereof could not be had. The instruction fixed the value at $55,000. This amount was included in a form of verdict presented to the jury.

The evaluation thus placed on the property is erroneous in two respects. In the first place, appellant alleged a value of $25,000 in his complaint; hence, he was limited to that amount of recovery in the event the boat and barge could not be delivered. Williamson v. Chicago Mill & Lumber Co., 8 Cir., 59 F.2d 918; Hoffschlaeger Co. v. Fraga, 9 Cir., 290 F. 146. Further, the sole testimony from which the $55,000 figure was taken related to the value of the boat and barge when new. While the cases are not uniform as to whether valuation in an action for the recovery of personal property should be measured as of the time of a wrongful taking or as of the time of trial, none suggests the value should be as of the time when the property was new. Cf., Parish v. Columbia Nat. Bk. of Portland, 139 Or. 126, 8 P.2d 584; Union House Furnishing Co. v. Woods, Mo.App., 39 S.W.2d 448; Hudson Co. v. Barnett, 255 Mich. 465, 238 N.W. 243. The proper measure of value in the instant case was at the time of the alleged wrongful taking.

It is argued that the boat and barge were available to be returned, and that the money judgment need not have been executed. There is no merit to this. The jury were called upon to fix a value and it cannot be assumed they were not influenced by the mandatory instruction of the Court to fix a value in an amount they may not have believed the evidence warranted.

■ As a separate cause of action appellant asked damages in the sum of $10,000 for the wrongful withholding of the boat and barge. The Court, in the form of verdict presented, so interwove the two causes of action as to virtually preclude the jury from separating the two causes of action and presenting a finding as to the merit or lack of merit they may have found in each. For example, had the jury believed the appellant entitled to the return of the boat but that he had not been damaged by the alleged wrongful taking, the form of verdict presented would not permit that finding to be returned. It is unrealistic to argue that the forms of verdicts presented were not instructions and that the jury were not required to use the forms presented. They were not so advised. The reasonable conclusion is that they considered any verdict they were permitted to return as being limited to the use of one of the forms presented to them.

■ Under the circumstances we think the free exercise of the judgment of the jury was unduly interfered with. It is no answer to argue that appellant could have asked that other forms of verdict be presented. The furnishing of proper forms of verdict was the province and duty of the Court.

■ Again, it is urged the court erred in its instruction that appellant must prove he was owner of the "Elaine G" and the barge on April 20, 1946, the date of the alleged wrongful taking by appellee. This action was filed May 13, 1947. Title and right to possession at the time the action is brought is sufficient to sustain an action for claim and delivery of personal property. This is the universal rule in the analogous action of replevin, and it is the construction given to the Oregon statute for claim and delivery. Oregon Compiled Laws Annotated, § 7-401 et seq. See, Finn v. Erickson, 127 Or. 107, 269 P. 232. By Act of Congress of May 17, 1884, 23 Stat. 25, ch. 53, § 7, the laws of Oregon were adopted for Alaska, and by the Carter Act of 1900, 31 Stat. 321, the Oregon statute on claim and delivery was expressly adopted in Alaska. See, 31 Stat. 351. This statute is now in §§ 3493–3504 of Compiled Laws of Alaska 1933.

■ This instruction, while erroneous, was not prejudicial, because no testimony was introduced which would support a finding that appellant became owner of the boat and barge subsequent to April 20, 1946. Appellant limited his evidence to a showing of revenue that had been taken in during the 1945 season.

■ Appellant further complains of the trial Court's refusal to admit evidence of manifests or bills of lading of the "Bonny G," a boat exclusively owned by appellee, showing revenue earned by that boat during the summer of 1945. Appellant introduced evidence to the effect that the total amount of revenue received from operation of the "Elaine G" and the "Bonnie G" was deposited with the Bank of Fairbanks. There was a conflict in the evidence as to whether payment had been made for a load of asphalt which one of the manifests in evidence indicated had been transported by the "Elaine G." Appellant contended that had the sum of the manifests from the "Bonny G" been subtracted from the total amount received by the bank, the remainder would be the exact revenue received by the "Elaine G" during the 1945 season. Appellant should have been permitted to make this showing if able to do so. It appears to us to be very material.

The refusal to permit this showing was prejudicial, inasmuch as the contested manifest was in an amount large enough, if credited to the "Elaine G" earnings, to materially support the contention that the "Elaine G" had earned sufficient to meet all construction and operating costs.

■ Appellant urges that the trial court should have directed a verdict in his favor at the close of all the evidence. The record does not support his contention that the facts upon which he bases his claim are undisputed. A conflict exists as to whether or not income taxes ascribable to the operations of the "Elaine G" should be included in the amount of expenses to be deducted from the earnings of the "Elaine G" in determining whether those earnings had fully paid the cost of construction and expenses. While the oral agreement did not specifically deal with this subject, the jury could very well have found that the

94

parties manifested an intent by the use of the terms "its construction, its operation and all expenses" to include the expense of income tax arising out of operations. Thus, the income tax could have been found to be more than just "a matter between appellant and the government," as suggested by appellant, even assuming that appellant was liable for such taxes. The taxes were assessed against the funds in the hands of the appellee. Income tax liability was increased by the amount earned by the "Elaine G." The net earnings of the boat were to be applied on the debts, and income taxes are a legitimate deduction in ascertaining the net.

Judgment reversed and cause remanded with directions to the trial court to grant a new trial.